ON MOTION TO DISMISS
En Banc.
PER CURIAM.
This matter is before the Court on motion by defendant-appellee to dismiss an unlodged appeal.
Counsel for appellee advances three reasons for dismissing the appeal:
(1) That Eunice Alexander has without excuse failed and refused to timely pay, in accordance with Louisiana Code of Civil Procedure, Article 2126, the costs of preparing the transcript of evidence taken on the trial in the district court, and the fees for filing the appeal in this Court;
(2), That the return date of the appeal or the extensions thereon have elapsed, and in accordance with LSA-C.C.P. Article 2126, the time for payment of said costs and filing fees has expired; and
(3) The transcript of the district court proceedings has not been timely filed in this Court within the time prescribed by law due to the fault or neglect of plaintiff-appellant; and, therefore, her appeal should be deemed abandoned.
Not later than three days before the original or extended return day, the appellant must pay to the district court clerk all costs of preparing the record on appeal and the filing fee required by the appellate court. LSA-C.C.P. Article 2126; see also LSA-R.S. 13:4445, which also requires the payment of the cost of transmitting the record of appeal to the appellate court. Under Rule 1, Section 10, Uniform Rules of the Courts of Appeal (1963), 8 LSA-R.S., the costs of preparing the record for appeal are limited to $25.00 for preparing the first volume, both original and duplicate, and $10.00 for each additional volume. An appeal will be dismissed for failure to pay these fees timely when such failure results in the tardy lodging of the appeal. McMillen Feeder Finance Corp. v. Thompson, 171 So.2d 827 (La. App. 3 Cir.1967). However, an appellant’s failure to pay these fees timely is not regarded as fault imputable to him where the clerk fails to send the appellant’s counsel a statement of these costs and fees due, so that the appellant can timely pay them. Reid v. Blanke, 215 So.2d 406 (La.App. 4 Cir.1968); Solomon v. Hickman, 213 So.2d 96 (La.App. 1 Cir.1968); American Tile *265 and Terrazzo Company v. Keiler, 194 So. 2d 743 (La.App. 4 Cir.1966); Atlantic Gulf Supply Corp, v. McDonald, 171 So.2d 481 (La.App. 4 Cir.1965); Mathies v. Fruehauf Trailer Co., 170 So.2d 785 (La. App. 1 Cir.1964). See also Johnson v. Patout, 199 So.2d 199 (La.App. 3 Cir.1967).
In the instant case the appellant-in-tervenor timely filed her bond for the appeal in the required amount to pay all trial and appellate costs. LSA-C.C.P. Article 2124.
At the time of the extended return date of September 5, 1969, all together there had been paid $248.50. Some of the unpaid balance was represented by the court reporter’s fee for transcribing the trial, for which no bond had been required of the plaintiff to the action.
On April 15, 1969, the attorney for the appellant had been notified that he should deposit a total of $138.50 including the appellate court filing fee, the cost of transmitting the record, and the cost of transcribing the trial record; which, however, was indicated to be an estimated amount. He, at that time, had deposited $133.50, or $5.00 less than the amount required. On September 5th, the date of the return day, he was notified that the total costs were $164.00 since the court reporter’s balance was $25.00 greater than estimated, and the express charges $.50 greater. Other correspondence in the record, however, see letter of September 12, 1969, indicates that additional costs other than those for which appellant was responsible were included in the statement, and that the appellant had paid an additional $95.00 within a week of the letter of September 5th informing the attorney for the appellant of the additional amount needed to perfect the appeal.
Having in mind the principle that appeals are favored and should not be dismissed for inadvertent technicalities, we do not think the showing made justifies a dismissal of the appeal. The appellant was notified of varying amounts due and attempted in each instance to deposit timely
the amount required. In actual fact, she has, according to the showing made, deposited $90.00 in excess of that which she was required by law to pay in order to have the record of appeal transmitted to this Court. Part of the confusion seems to have resulted from requests to secure from her payment of amounts which are bond-secured, and which she was not required to pay in advance of adverse determination of the appeal.
For the reasons assigned, we, therefore, overrule the motion to dismiss this appeal.
Motion to dismiss the appeal overruled.