LANDRY, Judge.
Plaintiff (Appellant), a truck driver by profession, appeals the judgment of the trial court affirming a six months suspension of Appellant’s driver’s license ordered by the Department of Public Safety (Department) because of Appellant’s refusal to submit to a so-called “intoximeter test” incident to Appellant’s arrest upon a charge of operating a motor vehicle while under the influence of intoxicating beverages, all as prescribed pursuant to LSA-R.S. 32:661-669, inclusive and other pertinent statutory provisions. We dismiss the appeal because of a lack of appellate jurisdiction for failure of Appellant to timely appeal the Department’s order within the delay provided by LSA-R.S. 32:668 and 414.
There is no dispute as to the salient facts. On November 26, 1970, Appellant was arrested and charged with the offense of operating a motor vehicle while intoxicated in violation of LSA-R.S. 14:98. On the occasion of his arrest, Appellant refused to submit to clinical tests of either his blood, breath, urine or other bodily substances for the purpose of determining the alcoholic content of his blood, notwithstanding Appellant was advised such refusal could result in the suspension of Appellant’s driver’s license. On January 21, 1971, Appellant plead guilty to the offense of operating a motor vehicle while under the influence of intoxicating liquor and was fined $150.00. The court which imposed the sentence did not order either a revocation or suspension of Appellant’s driver’s license. Subsequent to Appellant’s pleading guilty to the aforesaid offense, the Department revoked Appellant’s driver’s license, whereupon Appellant furnished the Department proof of the sentencing court’s recommendation that Appellant’s driving privileges be retained. The Department also required Appellant to obtain certain insurance coverage, which request Appellant provided. Additionally, the Department notified Appellant that his driving privileges would be revoked for failure to submit to the intoximeter procedure called for by LSA-R.S. 32:661. Pursuant to a hearing held on July 8, 1971, in conformity with LSA-R.S. 32:668, the suspension of Appellant’s driving privileges was sustained by the Department and notice of said decision mailed to Appellant on July 12, 1971, by registered United States mail, return receipt requested. The signed receipt returned to the Department shows that the notice was received by Appellant on July 14, 1971. On August-20, 1971, Appellant filed in the lower court a Rule to Show Cause, pursuant to which the Department was ordered to show why its suspension of Appellant’s driver’s license should not be annulled and set aside. On September 7, 1971, the Department filed a motion to dismiss Appellant’s Rule to Show Cause on the ground that Appellant’s application for review of the order complained of was not filed within the thirty day period provided in LSA-R.S. 32:668 and 414. No action was taken by the lower court on the Department’s motion to dismiss. After hearing the matter, the court below affirmed the Department’s order of suspension.
In oral argument before us, counsel for Appellant explained that the trial court did not pass upon the Department’s motion to dismiss Appellant’s application for review because of an agreement between counsel for the Department and counsel for Appellant that the 30 day period provided by LSA-R.S. 32:414 for making such an application would be extended.
LSA-R.S. 32:661 provides in effect that a motorist who operates a motor vehicle on the public highways of this state is presumed to consent to an intoximeter test, or tests, if arrested for an offense committed while driving under the influence of alcoholic beverages.
LSA-R.S. 32:662 establishes certain presumptions as to intoxication and non-intoxication resulting from the percentages by weight of alcohol in the testee’s blood as revealed by the tests.
*349 Approval of testing methods is provided for in LSA-R.S. 32:663; qualifications of persons making such tests are prescribed in LSA-R.S. 32:664, and LSA-R.S. 32:665 requires that a copy of the test be furnished the testee upon request.
Refusal to submit to such tests is an admissible circumstance in any criminal proceeding arising out of the alleged acts committed while testee was allegedly under the influence of intoxication, according to LSA-R.S. 32:666. '
A mandatory six months suspension of a testee’s driver’s license is prescribed by LSA-R.S. 32:667, as the penalty for refusal to submit to a test or tests as required by Section 661, above.
LSA-R.S. 32:667 provides for notification of suspension pursuant to Section 666, above, and for a hearing before the Department, if requested. Section 667 also prescribes the scope of the hearing before the Department, the details of which are of no importance under the circumstances of this case.
Paragraph E of Section 414, above, as amended by Act 597 of 1968, provides in pertinent part as follows :
. . Any person denied license or whose license has been suspended, can-celled or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides . . . .”
In supplemental brief, counsel for Appellant suggests that LSA-R.S. 32:414, subd. E is void (unconstitutional) for vagueness in that it does not specify whether the thirty day delay period runs from the date of suspension, the date of mailing of the required notice or the date of receipt thereof.
The statute clearly establishes a thirty day period in which review may be sought of a Department order suspending one’s driver’s license for failure to submit to the tests prescribed in Section 661, above. Although the statute may be open to interpretation, in a proper case, regarding whether the thirty day period runs from suspension date, date of mailing the required notice, or receipt of such notice, this uncertainty is a matter of no moment in this instance. Inasmuch as the pertinent statute provides for adequate notice and opportunity for review, we fail to see wherein any constitutional requirement of due process, or other constitutional mandate, is contravened. Assuming the position most favorable to Appellant, namely, that the delay provided for runs from date of receipt of notice, this present application was still untimely filed.
It is the settled jurisprudence of this state that the time for taking an appeal and furnishing security therefor (when required by law) are jurisdictional issues which cannot be waived. Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666; Favrot v. Favrot, 252 La. 192, 210 So.2d 316.
An appellate court does not acquire jurisdiction of an appeal which is not taken and perfected by the timely filing of the bond within the prescribed statutory time. Arnold v. Arnold, 217 La. 362, 46 So.2d 298.
In general, the time in which appeals may be taken is controlled by LSA-C.C.P. arts. 2087 and 2123. Article 2087, above, provides in part that “Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of .” Article 2123, above, governing suspensive appeals provides that such appeals “may be taken, and the security therefor furnished, only within fifteen days of . . . . ”
It is evident that LSA-R.S. 32:414 is an “otherwise” instance recognized by Articles 2087 and 2123, above. We likewise note a *350 difference in language in that Section 414, above, does not recite that the application for review therein allowed may be taken only within the thirty day period provided. However, the verbiage of Section 414, above, makes it clear that the right to apply for review by the district court, which is in essence an appeal, shall be made within thirty days. “Shall”, as used in our statutory provisions, means the requirement is mandatory. LSA-R.S. 1.3.
In the instant case, it is unnecessary to determine whether the thirty day period provided in Section 414, above, runs from the date of suspension or the date notice was mailed or the date notice was actually received. Assuming the delay runs from receipt of notice, Appellant’s application was untimely in that notice was received July 14, 1971, and the application was made August 20, 1971.
It has long been settled that the time limit for taking an appeal cannot be abrogated or extended, even by agreement of counsel. Untereiner v. Miller, 29 La. Ann. 435. The reason for the rule is both obvious and practical. If such delays could be extended by agreement of counsel, the time for taking an appeal, as fixed by statute, would be rendered meaningless. We find this rule equally applicable to statutes governing the right of review of administrative determinations.
After the time for taking an appeal has expired, the appellate court lacks jurisdiction and cannot entertain the appeal. Pennison v. Pennison, La.App., 157 So.2d 628.
An appellate court may, and indeed must, on its own motion, dismiss an appeal for lack of appellate jurisdiction. Orrell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710.
It is ordered that this appeal be dismissed at Appellant’s cost.
Appeal dismissed.