BENNETT, Judge.
This suit complains of the denial of assistance by the Division of Family Services. The claim for benefits was based on disability.
Hearing was had on the claim on October 18, 1974 where Mrs. Hills was assisted by Charlie A. Mills an investigator with the Legal Aid Society of Baton Rouge. The Director of the Division of Family Services denied benefits in a letter dated December 10, 1974 addressed to Mr. Mills at the Legal Aid office with a carbon copy directed to Mrs. Hills.
A petition for judicial review of the agency ruling was filed by the Legal Aid Society on behalf of Mrs. Hills on January 10, 1975.
At hearing on a motion for summary judgment the Court, ex proprio motu, raised the question of its jurisdiction to review the administrative decision in view of the length of time between the final determination and the filing of the petition seeking review. After taking the matter under advisement the court ruled that it lacked jurisdiction and dismissed the petition on June 30, 1975. Mrs. Hills appeals alleging three errors requiring reversal of the ruling of the trial court.
I. The appellant argues that the Court erred in holding that R.S. 46:107(D) requires the filing of a petition seeking judicial review of an adjudication by the LHSRSA, Division of Family Services, within fifteen days.
R.S. 46-.107(D), provides in pertinent part:
“D. Within fifteen days after the mailing of the decision of the division of family services, the applicant or recipient may obtain judicial review thereof by filing in the Nineteenth Judicial District Court a petition for review of the decision.” (Emphasis added)
Appellant contends that use of “may” in the language cited above makes the statute permissive rather than mandatory and thus the lapse of 15 days does not preclude an application for judicial review of a decision by the agency.
This argument is without merit. If read in accordance with the contention of the appellant the statute is superfluous and without meaning. A general and less rigorous statute includes the same subject matter. See R.S. 49:964(B). It is not presumed that the legislature adopts vain, useless or meaningless law. As this Court said in Peyrefitte v. Harvey, 312 So.2d 159 (La.App. 1st Cir. 1975), writ refused, 314 So.2d 736 (La.):
“There is a presumption that all legislative acts are enacted for some definite purpose and the Courts in construing them must endeavor to give an interpretation that will give them effectiveness and purpose, rather than one which makes them meaningless and useless.”
“May” relates to the decision to seek judicial review. The applicant may or may not wish to seek such review. If he does the petition may be filed within fifteen days after mailing of notice.
II. That the defendant misled the appellant as to the length of time during which judicial review could be sought.
This contention is grounded on the last sentence of the letter from the Director notifying the appellant of the denial of assistance. The sentence reads:
“If you are not dissatisfied with this decision, you have the right to seek judicial review through the courts in accordance with Act 284 of R.S.1974.”
*775 Assuming arguendo that misrepresentation by an agency could serve as a basis for lengthening the time during which judicial review of an adjudication could be sought, nevertheless, such is not the case here.
Act 284 of 1974 deals with agency rule making and publication of rules. It does not concern adjudication or judicial review of adjudications. Further, the effective date of the Act is January 1, 1975.
We fail to see how the appellant could have relied to her detriment on an Act which does not purport to affect the type of agency proceeding she was protesting and which did not become effective until after the final agency adjudication. Under the circumstances the mere citation of an Act does not constitute misinformation sufficient to have misled the appellant.
III. The appellant contends the Court erred in holding it did not have jurisdiction of this case.
The trial court correctly found that R.S. 14:107(D) required the filing of the petition for judicial review within fifteen days after mailing of notice. The petition herein was filed on January 10, 1975, or thirty-one days after the mailing of notice.
In David v. Department of Public Safety, 261 So.2d 347 (La.App. 1st Cir. 1972), we held review of an agency adjudication was an appeal and review must be timely applied for in order for the reviewing court to have jurisdiction. Although David involved revocation of a drivers license with judicial review sanctioned under R.S. 32:414, we fail to see how this case differs in principle. The rationale in David applies with equal force to the facts before us and is dispositive of this case. The trial Court was correct in its ruling.
For the reasons assigned the judgment of the Court below is affirmed at appellant’s costs.
Affirmed.