LANDRY, Judge.
An ex proprio motu order was issued herein by the court directing Appellant, Estate of Mrs. May Taylor, to show cause why this appeal should not be dismissed for failure to timely post the appeal bond.
The trial court signed judgment herein on Monday, May 3, 1976, on which same date notice of judgment was mailed to all counsel of record. Appellant did not move for a new trial. On August 9, 1976, Appellant filed a motion for devolutive appeal, which motion was signed by the trial judge on *1073 August 12,1976. The appeal bond, fixed in the sum of $500.00, was posted September 2, 1976.
The delay for taking a devolutive appeal is governed by LA-C.C.P. Article 2087, which recites that such an appeal must be taken within 90 days of expiration of the delay for applying for a new trial when no timely application for new trial is made, or within 90 days of denial of a timely application for new trial.
The delay for applying for a new trial is 7 days, exclusive of legal holidays. LA-C. C.P. Article 1974. This delay commences the day after judgment is signed when no notice of judgment is required; when notice of judgment is required, the delay beings the day after the Clerk of Court has mailed the notice. LA-C.C.P. Article 1913.
In this instance notice of judgment was mailed May 3, 1976, which commenced the delay for applying for a new trial on Tuesday, May 4, 1976. The delay for applying for new trial expired therefore, on Wednesday, May 12, 1976. Consequently, the 90 day devolutive appeal period commenced Thursday, May 13, 1976, and expired Wednesday, August 11, 1976.
Appellant’s motion for devolutive appeal was timely filed August 9, 1976, but was untimely signed on August 12, 1976, because the delay period expired the previous day. Additionally, the required bond was not filed until September '2,1976, which was untimely.
The delay for taking and perfecting an appeal by timely posting of bond is a jurisdictional issue. David v. Department of Public Safety, 261 So.2d 347 (La.App. 1st Cir. 1972).
Appellate courts do not acquire jurisdiction of an appeal which is not timely perfected. David, above. See also Something Irish Co. v. Rack, 333 So.2d 773 (La.App. 1st Cir. 1976).
Appellant attempts to justify the tardy filing of bond on the ground notice was required from the Clerk of the trial court advising as to the amount of the appeal bond when set by the trial court. No authority is cited for this contention and our own research fails to disclose precedent so holding. We hold that, as a matter of law, no such notice is required. It is the duty of appellant to keep advised and informed as to matters of this nature. We note that it appears, in this instance, that the motion for appeal was mailed to the Clerk of the trial court. In any event, it was incumbent upon Appellant to keep informed as to the amount of, and timely post the required bond.
Appellant relies upon Alexander v. Succession of Alexander, 227 So.2d 263 (La. App. 3rd Cir. 1969), and Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir. 1969), both of which cases we find inapposite. Alexander, above, involved the alleged untimely payment of costs of preparing the transcript on appeal and the filing fee due the appellate court. Jackson, above, concerned the filing of bond held untimely for a sus-pensive appeal but timely for a devolutive appeal.
The failure to timely file the required appeal bond is fatal to the appeal. Something Irish Co. v. Rack, above.
The appeal is dismissed at Appellant’s cost.