PONDER, Judge.
Plaintiff appealed the dismissal of its claim for reimbursement from the Louisiana Workmen’s Compensation Second Injury Board.
The issues on appeal are the ambiguity vel non of La.R.S. 23:1378, exercise of discretion by the Second Injury Board, and plaintiff’s notice of the claim.
We affirm.
Plaintiff provided workmen’s compensation insurance to the state division that employed the claimant, who fractured her right femur on January 5,1976 while working in the course and scope of her employment. It was stipulated that plaintiff made the first payment of weekly compensation on January 21, 1976. The treating physician sent reports to State Adjusters, an independent adjuster working for the plaintiff, on January 26, 1976, and to the plaintiff on February 1, 1977. The reports indicated that a sarcomatous tumor had been removed from the claimant’s right thigh in 1969, resulting in a loss of motion of the knee.
Plaintiff wrote the doctor in May of 1977, asking for comment on the amount of dis *1262 ability the claimant had prior to her injury. The doctor’s reply indicated that the claimant originally had a thirty to forty percent impairment prior to her accident and an additional twenty percent impairment following the accident. The report stated that the bone was extremely osteoporotic partially from disuse from the fracture and partially from the x-ray therapy for the tumor. The plaintiff filed a claim with the Second Injury Board on May 27, 1977.
Correspondence ensued between plaintiff and defendant concerning the disability until March, 1979, when an additional report from the doctor was requested and received, explaining the percent of disability as a result of the tumor and the fracture. In that same month, defendant sent notice that the claim was not timely filed. Defendant sent four additional letters requesting an explanation for the delay and a notice that the Board would consider the timeliness of the matter on October 2,1980. Defendant received no response or request for formal hearing from the plaintiff, other than a request for a notice of any hearing that the Board held.
After the hearing, the Board denied the claim, finding that the one hundred eighty days from the first payment of weekly compensation, within which the employer or insured had to file the claim, had expired.
On plaintiff’s appeal, the Nineteenth Judicial District Court dismissed plaintiff’s claim on the grounds that it was not filed within ten days of the first compensation as required by La.R.S. 23:1378 at the time of the accident. In oral reasons, the trial judge found that Section 1378(B) was not ambiguous, but accorded an employer or insured the right to avail himself of the Second Injury Fund if he desired.
La.R.S. 23:1378(B), as it read at the time of the claimant’s accident and the first payment of weekly benefits stated:
“B. Whenever any employer or his insurer pays or becomes liable for payments to any employee for such an injury, the employer or his insurer, whichever of them makes the payments or becomes liable therefor, may, within ten days after the first payment of weekly compensation, notify the board in writing of such facts and furnish such other information as may be required by the board.”
Section 1378(B) was amended in 1976 to read:
“B. The employer or his insurer, whichever of them makes the payments or becomes liable, shall, within 180 days after the first payment of weekly compensation or death benefits, notify the board in writing of such facts and furnish such other information as may be required by the board to determine if the employer or his insurer is qualified for reimbursement from the workmen’s compensation second injury fund. Upon proper showing, the board may extend the filing period provided under the provisions of this Subsection.”
This amendment became effective October 1, 1976.[1]
Plaintiff first argues that the change of “may” to “shall”, by the amendment, was to remove an obvious ambiguity and that an ambiguous prescriptive statute should be construed in favor of the obligation sought to be extinguished.
The only reasonably unstrained interpretation of the statute is that the term “may” allowed a claim against the Second Injury Fund to be a discretionary or permissible procedure, without making the time for filing the claim discretionary. This interpretation, that the filing of the claim could have been accomplished at anytime, would effectively write out the ten day limitation. It is not presumed that the legislature adopts vain, useless or meaningless law. Hills v. Bonin, 329 So.2d 773 (La.App. 1st Cir.), application denied, 333 So.2d 237 (La.1976).
The same argument applies to plaintiff’s suggested interpretation that the legislature intended that an employer or insured could be reimbursed without filing a claim. This interpretation would cancel the need for filing a claim.
*1263 That power to extend the filing period was not added until the 1976 amendment became effective. We therefore need not reach plaintiff’s argument that the discretion should have been exercised.[2]
Plaintiff’s last argument is that the medical relationship between the two disabilities was not clear until plaintiff received the March, 1979 report from the doctor. However, the first report sent by the doctor noted that plaintiff’s “right thigh was markedly atrophied and she had a very stiff knee.” Plaintiff’s failure to pursue this point cannot extend the time for filing. Its argument that its agent, the adjusting firm, not it, had the information is unavailing.
For these reasons, the trial court’s judgment is affirmed with costs assessed to the plaintiff.
AFFIRMED.

. The statute was again amended in 1977 to provide for a fifty-two week filing period.

. We note that plaintiff was given approximately nineteen months to explain the delay, but never furnished the Board with a reason.