470 So.2d 988 (1985)
Don M. JOHNSON
v.
Honorable Bob ODOM, Commissioner of Department of Agriculture, etc., et al.
No. 84 CA 0411.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Rehearing Denied June 27, 1985.
*989 Paul Henry Kidd, Monroe, for plaintiff-appellant Don M. Johnson.
Robert S. Leake, Baton Rouge, for defendant-appellee Bob Odom, Com'r of Louisiana Dept. of Agriculture and Louisiana Dept. of Agriculture.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court which affirmed the final decision of an adjudicatory hearing by the Advisory Commission on Pesticides of the Louisiana Department of Agriculture.

FACTS
Mr. Johnson is a certified commercial applicator (crop duster) who is employed by Transylvania Flying Services, Inc. (TFS), a corporation licensed to engage in the business of the application of pesticides. It is unclear from the record whether Mr. Johnson is the sole shareholder, but he is at least the majority shareholder of TFS. Both the license of TFS and the certification of Mr. Johnson are subject to regulation by the Louisiana Department of Agriculture.
On December 7, 1982, an adjudicatory hearing was held by the Advisory Commission on Pesticides (ACP), pursuant to La. R.S. 3:1621-1642[1] against, "Donald M. Johnson, d./b./a. Transylvania Flying Service."[2] Mr. Johnson appeared without counsel and was found by the ACP to have violated then La.R.S. 3:1623(A) and Rule 7 of the Rules and Regulations on Mixing and Application of Pesticides by applying the pesticide 2,4,5-T without written authorization from the Commissioner of Agriculture or his duly appointed agent. In addition, he was found to have knowingly made false and fraudulent records in violation of then La.R.S. 3:1634(7), and to have violated then La.R.S. 3:1626(D) by failing to have all mechanically powered equipment used in aerial application prominently displaying proper decals showing that the machinery had been annually inspected by the Commissioner. Further, the Committee found that Mr. Johnson violated then La.R.S. 3:1626(A) by permitting an uncertified applicator *990 to apply pesticides, and that he aided and abetted an uncertified person in violating the Louisiana Pesticide Control Act in violation of then La.R.S. 3:1634(13). Mr. Johnson was fined $1,500 for all five offenses and both the license of TFS and the certification of Mr. Johnson were suspended for a period of six months. By letter dated December 21, 1982, the Commissioner notified Mr. Johnson of his final decision and stated that the $1,500 fine was due and payable to the Department of Agriculture and that Mr. Johnson was prohibited from engaging in activities regulated by the Louisiana Pesticide Control Act for a period of six months. It was further stated that should Mr. Johnson comply with the terms of the suspension, the certification and license would possibly be reinstated after one hundred twenty days. Mr. Johnson paid the $1500 fine on December 30, 1982.
By letter dated January 5, 1983, an attorney representing Mr. Johnson informed the Commissioner that the fine and suspension of certification imposed by the Commissioner was in violation of then La.R.S. 3:1633(A). The Commissioner was requested to reply as soon as possible prior to January 18, 1983, in order to avoid expiration of the appeal delays. Mr. Johnson did not request judicial review of the December 7, 1982, adjudication until April 4, 1983, when he sought a temporary restraining order to enjoin a new proceeding against him under former La.R.S. 3:1621-1642. He also sought to have these statutes declared unconstitutional, and prayed to have the final decision of the December 7, 1982, hearing declared null and void. The request for the temporary restraining order was denied and a date was set for a hearing on a preliminary injunction.
Meanwhile, on April 5, 1983, the ACP held another administrative hearing relative to Mr. Johnson's alleged violation of then repealed La.R.S. 3:1634(2) by the aerial application of the pesticide Azodrin on birds in a manner which was inconsistent with the labeling directing the use of that pesticide. The violation allegedly occurred on August 13, 1981.[3] The ACP found that Mr. Johnson had violated former La.R.S. 3:1634(2) and his certification was suspended for one year effective upon the final decision relative to the April 5, 1983, hearing. By letter dated August 19, 1983, the Commissioner notified Mr. Johnson that the decision of the April 5, 1983, hearing was affirmed. However, the Commissioner chose to stay the suspension of Mr. Johnson's certification until the first day following final resolution of any further appeal taken in this matter. On September 19, 1983, Mr. Johnson filed an amended petition seeking judicial review of the Commissioner's final decision.
On July 13, 1983, the ACP again held a separate hearing charging TFS with applying Azodrin on birds. The alleged offense occurred on August 13, 1981, and was the same offense which Johnson individually was found to have committed. The transcript, factual findings and conclusions of law of that hearing were not made available to this court. However, by letter dated August 19, 1983, the Commissioner notified TFS that the decision of the July 13, 1983, hearing had been affirmed and the Commissioner was imposing the recommended penalties of a $500 fine and a one year suspension of the license of TFS. The one year suspension period was to become effective upon final resolution of this matter. By petition filed September 19, 1983, TFS sought permission to intervene in the ongoing proceedings which had commenced on April 4, 1983. A rule to show cause why the intervention should not be allowed was set for October 28, 1983. It is unclear from the record whether the intervention was allowed, however, a supplemental and amending petition was filed on November *991 22, 1983, in the name of Don M. Johnson, d/b/a Transylvania Flying Service, Inc. The written reasons for judgment of the trial court of January 30, 1984, was captioned "Don Johnson d/b/a Transylvania Flying Service, Inc. v....." In any event an appeal from an adverse ruling of the Commissioner is taken by timely filing a petition in the "district court of the parish in which the agency is located." La.R.S. 49:964(B). We will consider the intervention as a petition for appeal by TFS from the July 13, hearing and August 19, ruling of the Commissioner, even though it might not be properly allowable as an intervention.

RULING OF TRIAL COURT
The trial court held that judicial review of administrative proceedings must be filed within thirty days of the mailing of notice of the final decision of the Commissioner. Since Mr. Johnson failed to timely seek judicial review of the December 7, 1982, administrative hearing he was precluded from raising any constitutional issues about that hearing. It was further held that the petition seeking judicial review of the administrative hearing of April 5, 1983, was timely filed and was, therefore, properly before the court. The trial court found that the evidence supported the finding by the Commissioner that Mr. Johnson had violated former La.R.S. 3:1634(2) and that he was properly sanctioned under former La.R.S. 3:1633. It was held that former La.R.S. 3:1634(2) and former La.R.S. 3:1633 involved no delegation of legislative authority and were, therefore, constitutional. Appellants' argument that former La.R.S. 3:1623 and 1625 were unconstitutionally applied to them was found to refer to the December 7, 1982, administrative hearing which was found not timely appealed and therefore not properly before the court. Consequently, appellants were held to lack standing to attack their constitutionality.
Appellants appeal from the judgment of the trial court alleging that the trial court erred (1) in finding that La.R.S. 3:1634(2) as applied to defendant is constitutional; (2) in failing to address the constitutional challenges to La.R.S. 3:1623(A), (D) and 1625; (3) and in failing to address the ACP's noncompliance with its statutory guidelines.

ASSIGNMENTS OF ERROR

CONSTITUTIONALITY OF FORMER LA. R.S. 3:1634(2) ON ITS FACE AND AS APPLIED AT THE APRIL 5 AND JULY 13, 1983 HEARINGS

a) Due Process

In the first assignment of error appellants argue that former La.R.S. 3:1634(2)[4] is unconstitutional. Therefore, the final decision of the administrative hearing of April 5, 1983, should be reversed. Appellants argue that former La. R.S. 3:1634(2) is unconstitutional on its face in that it is impermissibly vague and overbroad and fails to provide adequate notice of the type of conduct prohibited. Such vagueness and overbreadth, it is argued, offends minimum due process by failing to give adequate notice to a reasonable person of contemplated conduct which is prohibited by law. The legislature, in enacting former La.R.S. 3:1634,[5] specifically enumerated what would be violations of the Louisiana Pesticide Control Act. Former La.R.S. 3:1634(2) clearly stated that application of a pesticide inconsistent with its labeling was a violation of the Louisiana Pesticide Control Act. The label on Azodrin prohibited its use on birds. Appellant, as a certified applicator, was thus given adequate notice that aerial application of Azodrin in order to kill birds which were inhabiting a rice field would constitute a violation of the statute. We hold that former La.R.S. 3:1634(2) is neither unconstitutionally vague nor overbroad.

*992 b) Delegation of Legislative Powers

Appellants further argue that former La. R.S. 3:1634(2) is unconstitutional in that it violated the separation of powers mandated by Louisiana Constitution art. II. The Legislature, it is argued, delegated to the Department of Agriculture the power to create and define criminal offenses. In addition, the agency was granted the discretion to classify and restrict the use of certain pesticides without reasonable and identifiable standards for their classification being provided by the legislature.
The governmental powers of the state are divided into three separate independent branches: legislative, executive and judicial. La. Const. art. II, § 1. "Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others." La. Const. art. II, § 2. The Department of Agriculture is an executive agency. Where the legislature delegates some of its power to another branch of government the issue arises as to whether this delegation of authority violates the separation of powers mandated by the Louisiana Constitution. When the legislature delegates to an agency the authority to execute a statute, a court may often be called to determine whether rules or actions of the agency are administrative or legislative in nature. The Louisiana Supreme Court in Schwegmann Brothers Giant Supermarkets v. McCrory, 237 La. 768, 112 So.2d 606 (1959), established guidelines to aid in determining whether an agency's action or rule is an unconstitutional delegation of the legislative function.
So long as the regulation or action of the official or board authorized by statute does not in effect determine what the law shall be, or involve the exercise of primary and independent discretion, but only determines within prescribed limits some fact upon which the law by its own terms operates, such regulation is administrative and not legislative in its nature. Schwegmann Brothers, 112 So.2d at 613. The court must consider both the guiding standards prescribed by the legislature for the agency and the safeguards against arbitrary action by the agency. State v. Broom, 439 So.2d 357 (La.1983), on rehearing, 439 So.2d 365 (La.1983).
The Louisiana Pesticide Control Act was enacted by the legislature. In former La.R.S. 3:1634 the legislature expressly mandated which actions would constitute violations of the Louisiana Pesticide Control Act. Clear standards and guidelines were established by the legislature. Among the enumerated possible statutory violations of the Louisiana Pesticide Control Act was the application of a pesticide in a manner inconsistent with its labeling or in violation of the EPA or state restrictions on the use of that pesticide. Former La.R.S. 3:1634(2). Mr. Johnson and TFS were charged with applying the pesticide, Azodrin, on birds. The Azodrin label clearly states that it is a restricted use pesticide and that it is deadly to birds and other wildlife. The label reads: "Do NOT use whenever large flocks of birds are in the vicinity or when they are noted feeding in or around fields." The violation by Johnson and TFS did not involve agency discretion. Rather, it was contrary to the legislative act itself. We find no unconstitutional delegation of legislative authority herein.

CONSTITUTIONALITY OF FORMER LA. R.S. 3:1623(A), (D) AND 1625
In the second assignment of error appellants argue that the trial court should have reviewed the constitutional challenges to former La.R.S. 3:1623(A), (D) and 1625 which were applied at the December, 1982, hearing.[6] Former La.R.S. 3:1623(A) granted to the Commissioner the power to adopt rules and regulations necessary to regulate the application of pesticides according to the time of year, area of application and/or wind velocity. Former La.R.S. 3:1623(D) granted to the Commissioner the authority *993 to declare a pesticide a pesticide with restricted uses. In former La.R.S. 3:1625 the legislature established the requirement for certification of commercial applicators, granting to the Commissioner the authority to regulate such certification. Each of these statutes has been repealed and has either not been replaced or the language has been changed. Appellants' attack on these statutes was raised in a document labeled as "petition" filed in the 19th Judicial District Court on April 4, 1983. If appellant's "petition" is viewed as a declaratory judgment suit rather than an appeal, the issues are moot. If an appeal, the statutes were applied only in the December, 1982, proceeding and can be considered only if issues from that proceeding are properly before us.
Appellate courts do not acquire jurisdiction of appeals unless they are timely perfected. David v. Department of Public Safety, 261 So.2d 347 (La.App. 1st Cir.1972). The timely filing of a request for judicial review of administrative determinations is also jurisdictional. Baloney v. DHHR, Office of Family Services, 364 So.2d 203 (La.App. 1st Cir.1978). A person seeking judicial review of an administrative hearing must file a petition in the district court of the parish in which the agency is located within thirty days after the Commissioner has mailed written notice of his final decision in order for the trial court to obtain jurisdiction to review that decision.
At the administrative hearing of December 7, 1982, defendant was found to have violated then La.R.S. 3:1623(A). By letter dated December 21, 1982, the Commissioner gave written notification of his final decision to appellant. The record reveals that appellant was aware of the final decision because his attorney, in a letter to the Commissioner dated January 5, 1983, stated: "Please give us your answer as soon as possible and at least prior to January 18th so that our appeal delays will not have expired." Appellant had thirty days from December 21, 1982, in which to seek judicial review. A petition seeking judicial review of that hearing was not filed until April 4, 1983. The petition was not timely filed, therefore, the trial court did not acquire jurisdiction to review the December 7, 1982, hearing. Accordingly, this court will not consider the constitutionality of former La.R.S. 3:1623(A), (D) or 1625.

COMPLIANCE WITH STATUTORY GUIDELINES
In the third assignment of error appellant argues that the ACP failed to comply with its own statutory guidelines by not providing written findings of fact and by imposing conjunctive penalties. As discussed above, we will only address those issues relative to the administrative hearings which are properly before this court. The record contains a "Report of the Hearing Officer" including written findings of fact and conclusions of law in reference to the April 5, 1983, hearing. Mr. Johnson's certification was suspended for a one year period. The penalty was not conjunctive. Mr. Johnson was given written notification by the Commissioner of his final decision by letter dated August 19, 1983. The decision of the April 5, 1983, administrative hearing was timely appealed. The record reveals that the agency has complied with the statutory guidelines.
The record contains no written findings of fact and conclusions of law relative to the July 13, 1983, hearing regarding TFS pursuant to La.R.S. 49:958; nor does it contain the original or certified copy of the entire record of the July 13, 1983, hearing pursuant to La.R.S. 49:964(D). In addition, we are unable to determine whether the advisory commission made its final recommendation to the Commissioner in writing pursuant to then La.R.S. 3:1633(C). The record does reveal, however, that as a result of this hearing TFS was fined $500 and its license was suspended for one year, effective upon final resolution of this matter. The penalty was imposed pursuant to former La.R.S. 3:1633(A) which provided "Any license or certification ... may be denied, suspended, cancelled or revoked or any person fined up to $500...." The statute is clearly in *994 the disjunctive and does not allow the imposition of both penalties. The Commissioner stayed the execution of the penalty in this matter until final decision by the courts. In view of the above mentioned omissions from the record and of the illegal penalty imposed, we reverse this portion of the case relative to the July 13, 1983, hearing and remand to the Commissioner to provide a proper record for judicial review of the July 13, 1983, adjudication. See Leger v. State Police Retirement Board, 396 So.2d 965 (La.App. 1st Cir.1981). We also order the Commissioner to impose either the fine or the suspension, but not both. All costs are to be paid by appellants.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] La.R.S. 3:1601 to 1642 was repealed by Acts 1982, No. 198, § 6, effective January 1, 1983.
[2] The record of the December 7, 1982, hearing was not made available to this court, however, it appears that Mr. Johnson and Transylvania Flying Service, Inc. were treated as a single entity.
[3] Appellants did not raise the peremptory exception of prescription. Although no specific prescriptive period was set forth in either the Administrative Procedure Act or in the Louisiana Pesticide Control Act, we note that La.R.S. 3:1636 requires certified applicators to keep records for two years which adequately reflect the possession and disposition by the certified applicator of pesticides with restricted uses.
[4] La. 3:1634(2) made it a violation to apply a pesticide "inconsistent with the labeling or in violation of the EPA or state restrictions on the use of the pesticide."
[5] The subject matter of La.R.S. 3:1634(2) is now contained in La.R.S. 3:3252.
[6] The subject matter of former La.R.S. 3:1623 is now contained in La.R.S. 3:3203, 3204, 3214, 3224. The subject matter of former La.R.S. 3:1625 is now contained in La.R.S. 3:3242.