| 3000-3032 ST. CLAUDE AVE., LLC | * | NO. 2021-C-0139 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| THE CITY OF NEW ORLEANS AND THE NEW ORLEANS CITY COUNCIL | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-05452, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Edwin A. Lombard,
Judge Sandra Cabrina Jenkins)


Christopher James Kane
John M. Duck
Marshall A. Hevron
ADAMS & REESE LLP
One Shell Square
701 Poydras Street
Suite 4500 One Shell Square
New Orleans, LA 70139

      COUNSEL FOR PLAINTIFF/APPELLEE

Sunni J. LeBeouf
Donesia D. Turner
Churita H. Hansell
Shawn Lindsay
Daniel T. Smith
CITY ATTORNEY
1300 Perdido Street,
City Hall—Suite 5E03
New Orleans, LA 70112

      COUNSEL FOR DEFENDANTS/APPELLANTS

            **WRIT GRANTED; RELIEF DENIED**

**DECEMBER 9, 2021**

Relators/defendants, the City of New Orleans and the New Orleans City Council (collectively, "the City"), seek review of the district court's November 20, 2020 judgment, remanding the petition for judicial review, filed by plaintiff, 3000-3032 St. Claude Ave., LLC, to the City Council for further review and to articulate the basis of its decision to deny the request for zoning map amendment in Zoning Docket No. 021-18. Based on our review of this record, and in consideration of the standard of review for zoning decisions by a legislative body, we find no abuse of the district court's discretion in remanding the matter to the City Council. Consequently, we deny the requested relief.

## FACTS AND PROCEDURAL BACKGROUND

In June 2017, plaintiff purchased seven adjacent lots located at municipal addresses 3000-3032 St. Claude Avenue, in the Bywater neighborhood of New Orleans. Three of the seven lots purchased by plaintiff are split-zoned, having more than one zoning classification. The front portions of the three split-zoned

1

lots, all fronting on St. Claude Avenue, are zoned HMC-2 Historic Marigny/Treme/Bywater Commercial District, and the rear portions of the lots, located within the middle of the block, are zoned HMR-3 Historic Marigny/Treme/Bywater Residential District.

In December 2017, plaintiff filed two requests with the City Planning Commission ("CPC") that were both docketed as Zoning Docket No. 021-18. The first request sought approval from the City to rezone the rear portions of the three split-zoned lots from HMR-3 Residential to HMC-2 Commercial, thereby applying a single zoning designation. The second request sought approval from the City for the issuance of a conditional use permit for a 37-room hotel complex (the Sun Yard Hotel) with a restaurant, outdoor bar, and pool/yard area in a HMC-2 Commercial District.

In consideration of the requests, the CPC Staff conducted a study and prepared a report for the CPC to review prior to holding a public hearing and making its recommendation to the City Council. *See* CZO, Art. 4, §§ 4.2C, 4.2.D.3. The CPC Staff report provided a history of the zoning and land use of the property at issue and the surrounding area; discussed the purpose of the rezoning request and the potential effect on the adjacent land uses; included detailed comments from design review staff; considered comments from other agencies/departments/committees; and reviewed compliance of the proposal with approval standards for zoning amendments. Ultimately, the CPC Staff report

2

recommended approval of both of plaintiff's requests, subject to twenty-one provisos.

The CPC held two public hearings, on February 6, 2018 and March 13, 2018, at which the plaintiff's requests were considered. At both meetings, the CPC summarized the requests, stated the recommendations of the Staff, and heard statements from plaintiff, proponents, and opponents. At the conclusion of the March 13, 2018 meeting, the CPC voted to recommend the City Council deny the plaintiff's requests. On March 19, 2018, the CPC issued its report to the City Council with its recommendation to deny the plaintiff's requests.

The City Council also held two public hearings on the plaintiff's zoning requests. At the April 19, 2018 hearing, the requests received strong opposition from neighborhood residents and groups in public testimony and written responses. At the conclusion of the first hearing, the City Council voted to defer a decision on the requests until May 3, 2018.

Prior to the May 3, 2018 City Council hearing, plaintiff withdrew its second request for the conditional use permit for the hotel complex. Consequently, at the hearing, the City Council considered only the zoning amendment request. After hearing further testimony in support of and in opposition to the zoning amendment request and considering evidence submitted, the City Council took up Councilmember Ramsey's motion to overrule the CPC's recommendation and approve the request for zoning amendment. The motion failed by a 2-3 vote. Thus, the City denied plaintiff's request in Zoning Docket 021-18.

On June 1, 2018, plaintiff filed in the district court a petition for judicial review of the City Council's denial of the zoning amendment request. Plaintiff asserted that the City Council's decision was arbitrary and capricious, lacking any supporting evidence or reasons for its decision. Additionally, plaintiff sought reversal of the City Council's decision and requested that City Council be ordered to effectuate a zoning map amendment, on the basis that the City Council had a ministerial duty to grant the request for rezoning.

On June 5, 2020, the district court held a hearing on plaintiff's petition for judicial review. At that hearing, the district court noted that the record focused almost exclusively on the conditional use permit request, which was withdrawn prior to the vote, and there was little information with reference to the City Council's consideration of the zoning amendment issue. At the conclusion of the hearing, the district court took the matter under advisement and permitted the parties to file post-hearing briefs to address whether the City Council gave "true consideration and focus" to the zoning amendment request prior to denying it.

At the November 6, 2020 hearing, the district court heard brief arguments before rendering judgment. After review of the record and consideration of briefs, the district court ruled that the matter would be remanded to the City Council "for further review and clarity as relates to the basis for their decision." Thereafter, the district court signed the November 20, 2020 judgment reflecting its ruling.

The City then filed a motion for suspensive appeal of the district court's November 20, 2020 judgment. Plaintiff filed an opposition to the City's motion

4

for suspensive appeal, arguing that the district court's judgment was not final and appealable. But, the district court granted the City's motion for appeal. After the appeal was lodged in this Court, plaintiff filed a motion to dismiss the appeal for lack of jurisdiction, because the judgment was not final and appealable. On April 9, 2021, this Court converted the City's appeal to an application for supervisory writs and denied plaintiff's motion to dismiss as moot.

The City now seeks supervisory review of the district court's November 20, 2020 judgment remanding this matter for further review of plaintiff's request for a zoning amendment and to provide clarity on its reasons for denying the request. The City argues that the vote to deny plaintiff's request for the zoning amendment was not arbitrary or capricious, or characterized by an abuse of discretion, and, therefore, the district court erred by remanding plaintiff's petition for judicial review for further review and clarity on the City Council's decision.

## STANDARD OF REVIEW

The standard of review in zoning disputes was set forth in *Toups v. City of Shreveport*, 10-1559, pp. 3-4 (La. 3/15/11), 60 So.3d 1215, 1217-18, as follows:

> Because zoning falls under the jurisdiction of the legislature, courts will not interfere with their prerogative unless the action is palpably erroneous and without any substantial relation to the public health, safety, or general welfare. *King v. Caddo Parish Commission*, 97–1873 (La.10/20/98), 719 So.2d 410. The terms "arbitrary and capricious" mean willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case. However, when there is room for two opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached. *Four States Realty Co., Inc. v. City of Baton Rouge*, 309 So.2d 659, 664 (La.1974).

5

Thus, Louisiana courts hold, generally, that the action of legislative body is not arbitrary or capricious or unreasonable unless it bears no relation to the health, safety, or general welfare of the public. *King*, 97-1873, pp. 14-15, 719 So.2d at 418.

Zoning decisions by nature are a legislative function, granted to local authorities by both Louisiana statute and its constitution. La. R.S. 33:4721; La. Const. Art. VI, §16. "The presumption of validity attached to zoning ordinances is a well-established principle of law in Louisiana. It applies to all zoning ordinances, including piecemeal and spot zoning." *Herman v. City of New Orleans*, 14-0891, p. 8 (La. App. 4 Cir. 1/21/15), 158 So.3d 911, 916. As such, one who challenges a zoning decision bears the burden to overcome the presumption of validity.

A challenge to a zoning decision by a legislative body is a *de novo* proceeding in the district court. *Palermo Land Co., Inc. v. Planning Com'n of Calcasieu Parish*, 561 So. 482, 492 (La. 1990). The issue is whether the result of the legislative action is arbitrary and capricious, and therefore a taking of property without due process of law. *Id.* Whether the zoning decision bears an appropriate relation to the health, safety, or general welfare is a factual question, which must be determined from evidence in the record. *Id.* "If it appears appropriate and well founded concerns for the public could have been the motivation for the zoning [decision], it will be upheld." *Id*.

In addition, when reviewing decisions of an administrative body, La. R.S. 49:964(G)[1] authorizes a district court to affirm an administrative decision by an

---

[1] La. R.S. 49:964 provides in pertinent part:

6

agency or remand the case for further proceedings. *Nola Bourbon, LLC v. City of New Orleans*, 19-0847, p. 3 (La. App. 4 Cir. 1/29/20), 290 So.3d 225, 227–28. In cases where the an agency's findings and conclusions could not be reasonably implied from the record, Louisiana courts have remanded the matter to the agency for further proceedings or clarity on its decision. *See Bell Oaks, Inc. v. Louisiana Dep't of Health & Hosps.*, 96-1256 (La. App. 1 Cir. 6/26/97), 697 So.2d 739; *Hay v. S. Cent. Bell Tel. Co.*, 475 So.2d 1052 (La. 1985); *Johnson v. Odom*, 470 So.2d 988 (La. App. 1 Cir. 5/29/1985).

### DISCUSSION

In seeking review of the district court's judgment remanding this zoning matter to the City Council for further review and clarity on its denial of plaintiff's zoning amendment request, the City asserts that it gave proper consideration to the plaintiff's request and that the decision to deny it was not arbitrary or capricious. The City argues that the district court erred by not upholding the City Council's decision and dismissing the petition for judicial review.

In opposition, plaintiff refutes the City's assertion that the City Council gave due consideration to the zoning amendment request. Plaintiff notes that the opposition testimony presented at the May 3, 2018 hearing overwhelmingly targeted the withdrawn conditional use permit request. Plaintiff points out that the

---

A. (1) …a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. …

G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are …

district court noted its concern that the City Council was not focused on the issue of the zoning map amendment.

At the June 5, 2020 hearing, the district court stated:

> But why wouldn't I remand this, I guess, Mr. Lindsay [City attorney], because what I'm hearing are issues relative to what was considered to the extent that there was clear opposition to the hotel [conditional use permit] and there was clearly kind of a melding of the conversation regarding the building of a hotel and the fixing of what people perceived as a problem regarding the spot zoning issue, and as I appreciate it Mr. Kane's client [plaintiff] said okay, we shelved the hotel, just fix the zoning, just fix the zoning, and what I see in the briefs is kind of still a melding conversation that focuses on the conversation in the community about not having this hotel and a hotel would be problematic but does not focus on the most singular issue of whether or not the zoning should be fixed. I don't see that as the focus, I see that as a conversation. Don't get me wrong, I see some conversation but I don't see the kind of focus that needs to be placed and I'm not, I guess my issue becomes, Mr. Kane, I'm making sure you understand, I do have an issue, that I question whether it rises to the level of arbitrary and capricious or rises to the level of me saying, hey, **I don't know that I have enough information in front of me to appreciate what the Council really did with reference to the potential problem regarding the zoning issue**, Mr. Lindsay, you understand where I'm at, and perhaps you can point me somewhere where I can get clarity, but the clarity doesn't exist based on what I've reviewed.

Prior to rendering its judgment on November 6, 2020, the district court again stated its concern that the record lacked sufficient clarity to determine whether the City Council was considering solely the zoning map amendment request, without confusion of the issue from opposition to the withdrawn conditional use permit for a hotel. Due to the lack of clear reasons for the City Council's decision on the sole request for a zoning map amendment, the district court remanded the matter for the City Council to provide a clear record for judicial review of its decision.

Thus, the district court did not reach the merits of the petition for judicial review, make any findings of fact from the record, or make a determination as to

whether the City Council's decision was arbitrary or capricious. The district court found only that the record lacked sufficient clarity to determine the reasoning and reasonableness of the City Council's decision.

Upon our review of the City's writ and the record before us, we find no abuse of discretion in the district court's ruling. As noted by the district court, the record of the City Council hearings lacks clarity on the sole issue of the zoning amendment request. Moreover, in its writ application, the City has not shown that there is sufficient record evidence that would allow this Court to make a ruling on the petition for judicial review.

## CONCLUSION

Based on our review of the record, we find no abuse of discretion in the district court's November 20, 2020 judgment remanding the matter to the City Council for further review and to articulate the basis for its denial of the zoning map amendment in Zoning Docket 021-18. The relief requested by the City is denied.

**WRIT GRANTED; RELIEF DENIED**