## No. 12,206.

NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY VS. THE LOUISIANA CONSTRUCTION COMPANY.

No matter how serious the complaints are in a petition, unless the prayer asks for relief by a proper judgment under proper procedure, the suit will be dismissed, on the plea of no cause of action.

| 49 | 49 |
|---|---|
| 52 | 4 |
| 49 | 49 |
| 104 | 57 |
| 49 | 49 |
| f124 | 74 |
| f124 | 79 |

A PPEAL from the Civil District Court for the Parish of Orleans. Ellis, J.

Harry H. Hall for Plaintiff, Appellee.

J. R. Beckwith for Defendant, Appellant.

Argued and submitted December 18, 1896.
Opinion handed down January 4, 1897.

The opinion of the court was delivered by

McENERY, J.   The city of New Orleans granted to the plaintiff corporation wharfage rights, for its own use, the free landing of vessels engaged in carrying to said wharves passengers and freight destined to be transported over its lines—from Port to Montegut streets. The petition recites the ordinances under which it acquired said wharf privileges and the fact that it had constructed wharves,

4

expended money on the faith of the grant, and that it had con-
structed tracks and sheds and established stations along the line
designated for the use of the corporation.

The petition further recites that " in spite of the special contract-
ual exemption aforesaid, and in spite of the fact that petitioner's
wharves and landings are not embraced in said lease or contract of
the said Louisiana Construction and Improvement Company, the
said company, illegally and without warrant of law, asserts its rights
to collect and has collected and is collecting from vessels lying at
petitioner's said wharves and landing levee and wharf dues at the
rates specified in said lease for the use of the city wharves not ex-
empt from said charges."

"Petitioner avers that in order to retain the business of vessels
landing at its wharves, and which vessels are offered free wharfage
by other railroad companies in the city of New Orleans, petitioner
has been compelled to guarantee and has guaranteed to the owners
of said vessels that no wharf or levee dues will be collected from
those vessels occupying and lying at or using petitioner's wharves
by its consent and on petitioner's business.

" That in order to avoid the issuance of Admiralty process against
said vessels, petitioner has been compelled to pay and is paying such
wharf and levee charges to the said Louisiana Construction and Im-
provement Company, under protest however, and with notice to it
that it denies the right or legality of such charges and that it will
sue to recover back the same, that it has illegally exacted from peti-
tioner.

" Petitioner avers that its interest herein in maintaining the exemp-
tion of its said wharves from levee and wharf dues as aforesaid
largely exceeds the sum of ten thousand dollars. An averment is
made that should this court hold that the defendant company, under
its contract with the city, could collect wharf and levee dues from
vessels lying at petitioner's wharves, with its consent and on its own
business, that it would be the impairing of the obligation of peti-
tioner's contract and contrary to the Constitution of the United
States. After making the city of New Orleans a party and praying
for citation on defendant, the relief prayed for is as follows: That
" there be judgment in favor of petitioner and against defendants
decreeing that the Louisiana Construction and Improvement Com-
pany is not warranted in law and can not legally collect levee or

Railroad Co. vs. Construction Co.

wharf dues from any vessels lying at or using the wharves of the New Orleans & Northeastern Railroad Company on the Mississippi river between Port and Montegut streets, said vessels being on the business of said company and at said wharves with its consent; and further, decreeing that all vessels occupying or lying at said wharves discharging or receiving cargo thereat with the consent of petitioner and on the business of petitioner shall be exempt from payment of all levee or wharf dues; " and concludes with a prayer for general relief. There was an amended petition filed, elaborating, but not changing materially the averments in the original petition.

An exception of no cause of action was filed and overruled, and on a trial on the merits there was judgment for the plaintiff.

The exception of no cause of action should have been maintained.

There is no prayer for a money judgment against defendants, no demand for the ownership or the possession of any property. Nor is there any demand for any writ by which petitioner's rights could be preserved, or any demand for the issuing of an injunction by which the wrongs complained of could be prevented. There are serious grievances and complaints, but no redress prayed for. We have ordinances of the city of New Orleans and contracts thereon submitted to us, in which rights of plaintiff and the defendant company apparently conflict, and we are asked to decree that the defendant abstain from asserting a right claimed by it under its contract. Our decree, if the prayer were granted, would be simply that the plaintiff corporation is right in its interpretation of the ordinances of the city in its favor and its contracts thereunder. We would thus interpret and construe a contract, without the power to enforce our decree, unaided by a restraining order. The suit is in its nature hypothetical; the submission to us of an abstract proposition. We do not mean to say that the complaints are not serious. They are of sufficient gravity to warrant a suit in the proper procedure.

The judgment appealed from is avoided and reversed, and it is now ordered and decreed that plaintiff's suit be dismissed as in case of non-suit, plaintiff to pay all costs.