On the Merits.
 

 LAND, J.
 

 On March 13, 1917, defendant, a corporation organized under the laws of the state of New York, entered into a contract with the Benevolent Association of Elks of the City of New Orleans for the erection of certain buildings and equipment for the sum of $285,285.
 

 Walter T. Carey, operating under the name of W. T. Carey & Co., desiring to obtain a subcontract from Thatcher & Son, the general contractor, was required by the latter to execute a bond in its favor for the payment of all workmen and furnishers of materials to be used for the completion of said subcontract, which was for an amount in excess of $25,000.
 

 The intervener, the Globe Indemnity Company, signed the bond of W. T. Carey
 
 &
 
 Co. as surety for one-half of the amount of said subcontract, upon the faith of the following
 
 *397
 
 agreement, confected in the form of a letter addressed to the Globe Indemnity Company by plaintiff, the New Orleans Silica Brick Company:
 

 “New Orleans, La. March 15, 1917.
 

 “Globe Indemnity Company, Wm. H. Kline-smith, Manager, New Orleans, Louisiana— Gentlemen: We have agreed to furnish Walter T. Carey & Co. for the concrete work on the Elks Home and Power House contract, dated the twelfth (12th) day of March, 1917, all necessary materials which Walter T. Carey & Co. order from us, at prices agreed on.
 

 “We agree that time is part consideration and to furnish the material as required by the progress of the work and to protect the said Walter T. Carey & Co. from delays caused by failure on our part to deliver such material on time.
 

 “We agree to sell and furnish this material
 
 on the credit responsibility of Walter T. Carey & Go. alone
 
 and waive any lien or privileges whatsoever against the said building, or action against the Globe Indemnity Company, as surety, which the law may confer on us.
 

 “We also agree to waive any claim whatsoever against the said Globe indemnity Company, for an amount of $1,500 (fifteen hundred and 00/100 dollars) loan to Walter T. Carey & Co. under this contract.
 

 “[Signed] New Orleans Silica Brick Company, “By James H. Dyett, Pres.
 

 “C. F. Labarre, Secty.
 

 “Prank Bowers, Tres.”
 

 W. T. Carey & Co. having failed to complete the subcontract, and having notified John Thatcher & Son, the general contractor, to take whatever action might be necessary to protect its interests, defendant advised the Globe Indemnity Company as surety of the default of the subcontractor, and, said surety having declined, to complete said contract for account of said subcontractor, defendant was compelled to do so.
 

 On or about December 17, 1917, plaintiff entered into a verbal contract to supply defendant with cement, sand, and gravel, in such quantities as defendant should require, for the completion of the subcontract of Walter T. Carey & Co.
 

 On February 1, 1918, plaintiff attached the defendant, on the ground that it was a nonresident, for the sum of $2,430.80, the amount alleged to be due under the verbal contract of December 17,1917, for materials furnished to finish subcontract of Walter T. Carey & Co.
 

 Defendant, John Thatcher & Son, admits in its answer that it is indebted to plaintiff, the New Orleans Silica Brick Company, in the sum sued for, to wit, $2,430.80, but deposited said sum in open court, alleging that defendant found itself confronted by the claims and demands of two parties to the amount herein sued for, to wit, the New Orleans Silica Brick Company and the Globe Indemnity Company.
 

 After reciting, from its viewpoint, the alleged claims of the Globe Indemnity Company to the fund deposited, defendant prayed that said company be cited and made a party to- this suit, which accordingly was done.
 

 The Globe Indemnity Company made itself a party to the present litigation, by filing what it terms an “answer,” in which it prays:
 

 “That the claim of the New Orleans Silica Brick Company in the present proceeding be rejected at its cost, and that there be judgment recognizing and declaring that, under the agreement of March 15, 1917, the New Orleans Silica Brick Company is not entitled to be paid any sum for concrete material delivered for the completion of the subcontract of Walter T. Carey & Co., until payment of all other claims for which petitioner may be responsible on its bond; and relegating said New Orleans Silica Brick Company to a claim upon the personal credit and responsibility of Walter T. Carey & Co., to which, alone, it undertook and agreed to look. Petitioner further prays that there be judgment directing that the sum of $2,430.80 deposited by John Thatcher & Son in the registry of the court in this proceeding be applied to the payment of all labor and all claims of materialmen (other than New Orleans Silica Brick Company) upon the subcontract of Walter T. Carey & Co., for which petitioner would otherwise be responsible on its bond. And petitioner further prays for all general and equitable relief and for such further orders as the nature of the ease may require or law or equity make proper.”
 

 
 *399
 
 Tie Globe Indemnity Company in its. answer or intervention takes the position that tbe agreement of March 15, 1917, is an indemnity contract protecting said company as surety against all loss or liability whatever, whether arising from any claim of the New Orleans Silica Brick Company, or of any third person, and, in addition to this, that said agreement requires, said company not to assert as against Walter T. Carey & Co., or against the defendant, John Thatcher & Son, any claim for payment of material furnished, to the prejudice of said surety company. In other words, the Globe Indemnity Company asserts that the agreement in question assured said company that the price to be paid Walter T. Carey & Go. upon its subcontract would be available for the payment of all laborers and furnishers of material (other than the New Orleans Silica Brick Company) to whom the said Carey & Co- might become indebted in the course of the performance of said subcontract. Even if the agreement in question can be legally construed as an indemnity contract, the surety company could not possibly claim the fund deposited in court in this case, or exercise the right to have it dedicated to the payment of any third person, for the simple reason that said company does not pretend that it has paid one farthing to any one with a claim or lien on the Elks building.
 

 Having suffered no loss at all, at the date of the filing of its answer or intervention, it is without right or remedy, as far as the payment to plaintiff by defendant is concerned. As a matter of fact, the Globe Indemnity Company does not pray fox“ any affirmative relief, but seeks to allocate the fund deposited in court to the payment of claims or liens which it may'have to satisfy in the future as surety.
 

 While the Globe Indemnity Company charges in its answer or'intervention breaches of certain parts of this agreement, yet it seeks no judgment for damages in this case. As was said by this court in Railroad Co. v. Construction Co., 49 La. Ann. 49, 21 So. 171:
 

 “Thére is no prayer for a money judgment against defendants; no demand for the ownership or the possession of any property, nor is there any demand for any writ by which petitioner’s rights could be preserved, or any demand for the issuing of an injunction by which the wrongs complained of could be prevented. There are serious grievances and complaints, but no redress prayed for. We have ordinances of the city of New Orleans, and contracts thereon submitted to us, in which rights of plaintiff and the defendant company apparently conflict;
 
 and we are ashed to decree that the defendant -abstain from asserting a right claimed by it under its contract.
 
 Our decree, if the prayer were granted, would be simply that the plaintiff corporation is right in its interpretation of the ordinances of the city in its favor, and its contracts thex-eunder. We would thus intex’prct and construe a contract, without the power to enforce our decree, unaided by a restraining order. The suit is in its nature hypothetical; the submission to us of an abstract proposition. We do not mean to say that the complaints are not sex-ious. They are of sufficient gravity to warrant a suit in the proper procedure.”
 

 Judgment was rendered in tbe court below in favor of plaintiff and tbe intervention of tbe Globe Indemnity Company was dismissed. In our opinion, tbe judgment is correct.
 

 Judgment affirmed.