Defendant is the owner of a frame building located at Lee Street and City Canal in the City of Alexandria. The city, availing itself of the provisions of Act 175 of 1910, as amended by Act 63 of 1918, after necessary action precedent thereto had been taken, adopted on July 6, 1942, a resolution condemning said building and others as "unsafe, dilapidated and dangerous to the public welfare and safety." The mayor was authorized to give the required legal notice to defendant (and other building owners involved) of the council's action. On April 19, 1943, Honorable W.G. Bowdon, mayor of the city, wrote a letter to the defendant advising him of the adoption of said resolution and of its contents. Defendant was further advised therein that practically all of the other building owners involved had corrected complained of conditions in their buildings. The mayor concluded the letter by saying: "* * * I therefore wish to notify you to remove said building, or to show cause to the contrary, if any you have, at the next regular meeting of the City Council on Monday night, May 3, 1943, at the hour of 7:30 p.m. in the Mayor's office of the City Hall."
The letter was delivered to defendant on April 21st. He paid no attention thereto nor did he appear in person or by representative at the council's meeting.
On May 3, 1943, the council adopted a resolution that recites the precedent acts done and performed in regard to said building and concludes as follows: "* * * that the City proceed legally to have said building demolished and removed and that the City Attorney be authorized to take the necessary legal proceedings to that end."
The city took no physical action looking to the demolition of the building.
The present suit was filed on April 1, 1944. The petition recites all the proceedings had and taken by the council and the official acts of its officers prior to filing thereof, mentioned hereinabove, and follows same with these allegations, viz.: *Page 343 
"Petitioner shows that no appearance having been made by the defendant before the City Council in opposition to its action in condemning said building and ordering its removal, and no appeal having been taken to the Court from the decision of the City Council in said matter within the legal delays the said decision of the City Council has become final and under the law petitioner is authorized to demolish and remove the above described building; that the defendant has no right at this time to question the action of the City Council or to contest its right to demolish and remove said building having failed to appear before the Council after being notified to show cause and having failed to appeal from the decision of the City Council as authorized by the said Act of the Legislature.
"Petitioner shows that it desires to obtain a judgment of Court herein recognizing as final the action of the City Council condemning said building and ordering it to be demolished and removed, and further authorizing petitioner to proceed with said removal and demolition with recognition of the City's lien and privilege against the lot upon which the above building is situated to cover the expenses and cost involved as set forth in the statute above mentioned."
The prayer of the petition, in part, reads: "Wherefore, premises considered, petitioner prays that * * * judgment be rendered herein in favor of the City of Alexandria, Louisiana, and against the said defendant, Monroe Wilks, decreeing that the decision of the City Council condemning the said building of defendant at Lee Street and City Canal as dangerous to the public welfare or safety because of its nature or condition be recognized as final, and that further judgment be rendered in favor of the plaintiff and against the defendant authorizing the said City through its agents, servants, or employees to go upon the property at Lee Street and City Canal where the said building is located and demolish and remove same."
Defendant excepted to the petition as disclosing neither a cause nor a right of action.
Subsequent to filing the exceptions, but prior to the court's action thereon, plaintiff filed supplemental petition in which it alleged that a dispute exists between it and the defendant; that the defendant has refused to recognize the right of the city to demolish and remove the building; that it is informed and believes that defendant would arrest by injunction any attempt the city might make looking to the removal or demolition of the building.
The exception of no cause of action was sustained and the suit dismissed. Plaintiff appealed from judgment in keeping with the court's decision.
Here, the defendant excepted to the jurisdiction of the court ratione materiae and in support thereof attached his own affidavit corroborated by that of two other persons to the effect that the building sought to be demolished is well worth $2,500. There is no allegation whatever in the petition touching the building's value.
If the affidavit of defendant as to the value of the building had stopped with fixing such value at $2,500, the motion to dismiss would have to be sustained to the extent of transferring the appeal to the Supreme Court, or the case be remanded to allow introduction of testimony concerning the question of value; but he further deposed and said that the building has a salvage value in excess of $2,000. Therefore, giving effect to this sworn declaration, if the building should be demolished defendant would sustain loss much less than $2,000. For this reason the motion is denied.
Section 1 of Act 175 of 1910 gives to municipalities power and authority "to condemn and cause to be demolished and removed, any building or structure within such municipality when such building or structure is in a dilapidated or dangerous condition and endangers the public welfare or safety, because of its nature or condition."
Section 2 of the Act authorizes the mayor of the municipality, after the governing authority thereof has condemned a building or structure as dangerous to the public welfare for the reasons set forth in Section 1 thereof, to give to the owner notice of the municipality's action and command him to show cause, if any he has, before the next regular meeting of the council or Board of Aldermen why said owner should not demolish and remove the condemned building or structure; and further provides that "the decision of the Council or Board of Aldermen shall be final, unless appealed from within ten days from such decision, and in the event of an appeal, the District Court, having jurisdiction *Page 344 
of the property, shall have jurisdiction of the appeal and the trial in the District Court shall be de novo and by preference."
Section 3 of the Act, as amended, provides the method of serving upon the owner of the building the notice required by Section 2 thereof.
Section 4 of the Act, in part, reads: "That in the event the owner or occupant of such building or structure fails or refuses to comply with the decision of the Village, Town or City Council, or Board of Aldermen or the definitive judgment of any Court then and in that event the municipal authorities may demolish and remove such condemned building or structure * * *."
Defendant contends that the objective of the suit is simply to procure a declaratory judgment or an advisory opinion of the Court, confirming and approving the city's right and authority to demolish or remove the building, as authorized by the Act, and approval of the various acts done by it looking to such demolition.
It is conceded by all that the courts of this state are without judicial power or authority to render declaratory judgments or advisory opinions. New Orleans N.E.R. Co., v. Louisiana Const. Co., 49 La.Ann. 49, 21 So. 171; State ex rel. Day v. Rapides Parish School Board, 158 La. 251, 103 So. 757; State ex rel. Marr, District Attorney v. Otero, Judge, 52 La.Ann. 1, 26 So. 812.
Plaintiff attempted to meet this contention by supplemental petition, an epitome of which is given hereinabove. The issues of a prior suit between the parties, dismissed by plaintiff as of nonsuit after trial, are referred to in substantiation of this position. The former suit did involve the right of the city to demolish the building but for reasons best known to plaintiff was dismissed before judgment was rendered therein. It has no real bearing upon the present case. The purpose the supplemental petition was designed to accomplish failed.
We are of the opinion that plaintiff has not the legal right to anticipate the action, if any, to which defendant will resort if demolition of the building is begun by it, nor force tender of issues involving its alleged right to demolish the building in the manner attempted herein. The city has exhausted its rights under the Act save demolition of the building. It is clothed with authority to do this.
Under the clear provisions of Section 2 of the Act a course of procedure in a case of this character is established. That has been followed. The decision of the municipality's governing authority is declared by the Act to be final on the question of the right to demolish unless appeal therefrom to the proper court by one of the parties, within ten days, is effected.
Since defendant made no response to the rule to show cause and perfected no appeal within the fixed delay, the city's action in condemning the building and ordering its demolition, under the express terms of the Act, has become final and absolute. No judicial sanction is needed to give force and vitality to the status thus attained, such status being the inescapable result of defendant's inaction. There is now no controversy between the parties.
If this statute is enforceable as written, and is not amenable to constitutional infirmities, concerning which, of course, we express no opinion, defendant has lost the right to contest the city's purpose to demolish and remove the building. It is now the obvious right of the city, if it would further prosecute the matter, to undertake execution of its own positive resolutions, and force the issue it apprehends and has sought to bring about in the present case. As said in the New Orleans and N.E.R. Co. case, supra [49 La.Ann. 49, 21 So. 172], "The suit is in its nature hypothetical; the submission to us of an abstract proposition." And, in State ex rel. Marr, District Attorney v. Otero, Judge, supra: "Courts will not decide abstract questions of law. To warrant their action, there must be presented some real right, in actual contestation."
The lower court gave brief written reasons for its judgment, from which we quote with approval the following, viz.:
"The plaintiff does not ask for a judgment permitted under our law. The City of Alexandria prays for a decree from this court approving its procedure under Act 175 of 1910, and although there is an allegation that there is a controversy and dispute between the plaintiff and the defendant, nevertheless, it is nothing more than an allegation that the defendant had refused to recognize the validity of the proceedings *Page 345 
of the city council, and would in the future oppose the demolition of his building.
"The Court would not be authorized to now pass upon a situation that is anticipated and is entirely potential. The plaintiff prays in effect for an Advisory Opinion. It prays for no relief known to our law of procedure."
For the reasons herein assigned, the judgment appealed from is affirmed with costs.