364 So.2d 203 (1978)
Carl S. BALONEY, Appellant,
v.
DHHR, OFFICE OF FAMILY SERVICES, Appellee.
No. 12231.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
Mary Olive Pierson, Baton Rouge, for Carl S. Baloney.
Frank H. Perez, Baton Rouge, for DHHR.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
This is an appeal by Carl S. Baloney from a decision of the Louisiana Commission on Governmental Ethics which affirmed his dismissal.
Appellant was employed by the Department of Health and Human Resources, Office of Family Services, as an unclassified Special Assistant to Roy Westerfield, who was then Assistant Secretary for the Office of Family Services. On July 7, 1977, appellant was dismissed for reasons set forth in a hand delivered letter signed by Westerfield. The letter of dismissal charged that appellant had used his position to alter requisitions for janitorial supplies so that they would be purchased from a company in which he was a stockholder. Counsel for appellant in a letter dated September 9, 1977, requested an appeal before the Commission.
The appointing authority has filed in this Court a peremptory exception of prescription *204 contending that appellant's appeal to the Commission was untimely and that the Commission erred in refusing to grant its Motion for Summary Disposition.
The pertinent provisions concerning the time limits for appealing are contained in LSA-R.S. 42:1121(E)(2) and Rule 4.22 of the Louisiana Commission on Governmental Ethics, which provide:
LSA-R.S. 42:1121
E. Appeals.  Appeals from decisions involving disciplinary actions taken by the head of any agency or by the commission against state employees or other persons for violations of the provisions of this Part shall be in accordance with the following provisions:
(2) The Louisiana Commission on Governmental Ethics is authorized to hear and decide all appeals and the legality of all disciplinary actions taken by the head of any agency against all persons, other than classified employees, for violations of the provisions of this Part. The time limits for taking an appeal to the commission and the procedure for doing so shall be as prescribed by the rules and regulations of the commission.
Rule 4.22
No appeal shall be effective unless the request therefor in proper form is filed with the Director at his office in Baton Rouge within 30 days following the date of the action complained against or the date of appellant's knowledge thereof.
In the instant case, the appellant's request for appeal, contained in the letter of September 9, 1977, was not filed within 30 days of appellant's dismissal.
The Commission recognized that appellant's appeal was untimely, but denied the appointing authority's motion to dismiss the appeal stating:
". . . Subsequently, on November 9, 1977, a Motion for Summary Judgment was filed by counsel for the OFS. The thrust of the Motion was that the appellant's first written notice requesting an appeal (and the notice the Commission construed as constituting an appeal) was not filed within the 30-day delay for appeal prescribed by Ethics Commission Rule 4.22.
"At the Commission's November 14, 1977 meeting, the Motion was considered. Though the letter of appellant's counsel (construed by the Commission as a request for appeal) was not filed within 30 days of appellant's receipt of notice of dismissal, the Commission concluded the ends of justice would best be served by the conducting of an evidentiary hearing and accordingly, declined to grant the Motion."
We believe that this was error. The timely filing of a request for appeal is jurisdictional in administrative determinations as in the case of other appeals. See David v. State, Department of Public Safety, 261 So.2d 347 (La.App. 1st Cir. 1972). Consequently, we find that the Commission lacked jurisdiction to hear this appeal and that the appeal should have been dismissed. We will therefore sustain the appointing authority's exception and dismiss the appeal.
For the above reasons, the appeal from the Commission's decision is dismissed at appellant's cost.
APPEAL DISMISSED.