CUTRER, Judge.
Plaintiff, Cheryl Simmons, was dismissed from the Sowela Technical Institute’s (Sowela) practical nursing program on May 9, 1975, for violating'the ethics and disciplinary rules applicable to nursing students. At plaintiffs request, an administrative hearing was held on August 27, 28 and 29, 1975, to review the dismissal. The director of Sowela presided over the hearing held pursuant to the provisions of the Louisiana Administrative Procedure Act (LAPA). LSA-R.S. 49:950 et seq.
The testimony of the administrative hearing was transcribed. The testimony, along with the exhibits, was introduced into the record by stipulation. A sizeable number of witnesses testified at the administrative hearing, which included fellow students, Sowela instructors and other personnel, and St. Patrick’s Hospital personnel. The testimony related to episodes of incidents of violations of Sowela’s disciplinary rules and rules of ethics by plaintiff during the time that she was a student at Sowela between June 1974 and May 1975. The nursing courses were taught to the students at Sowela and the clinical training for the students was received through St. Patrick’s Hospital pursuant to an agreement between Sowela and the hospital. The plaintiff testified at the hearing, denying some of the accusations and attempting to explain or justify others. The decision of the director sets forth his findings of fact and his conclusions of what the evidence showed. The director, in his decision, concluded as follows:

“Based thereon, the Director concludes that Cheryl Simmons did, on numerous occasions, abruptly leave her Pharmacology I and Fundamentals of Nursing I classes prior to their conclusion, and in a manner which was disruptive of the morale of the instructors and the operation of said classes; that during the clinical training portion of her education, Cheryl Simmons avoided having to handle patients by having 
*567
other personnel take hourly urinary output and vital signs for her; that Cheryl Simmons failed to properly follow through with the care of patients under her charge; that Cheryl Simmons loudly complained and displayed a defensive attitude about hospital personnel while in the Pediatrics Unit at St. Patrick's Hospital so as to be heard by said hospital personnel; that Cheryl Simmons discussed and questioned with a fellow student the care and treatment which she had observed a physician provide the patients in the Obstetrics Unit of St. Patrick’s Hospital, this done in violation of both instructions given to her by her instructors at Sowela Technical Institute and the ethical standards established for the practical nursing profession of which she was cognizant.

“For the above and foregoing, it is the decision of the Director that there was sufficient substantiated grounds to justify the nursing staffs decision to drop Cheryl Simmons from the Practical Nursing program at Sowela Technical Institute. ”[1]
Plaintiff filed suit against Sowela, Louisiana Board of Elementary and Secondary Education (BESE) and the State of Louisiana, alleging that the actions of defendants were arbitrary and capricious in her dismissal. She alleges that her damages were caused by Sowela’s breach of contract obligation or, in the alternative, by the negligence of Sowela. The trial judge, after reviewing the record of the administrative hearing, ruled that Sowela “did not have just cause for dismissing the plaintiff.” It was further held that such wrongful dismissal was a violation of an implied contract existing between Sowela and its student, the plaintiff. The trial court awarded plaintiff $21,000.00 damages. The defendants appeal and we reverse.
The plaintiff concedes that her cause of action in tort has prescribed. Defendants now argue that there was no contract between Sowela and plaintiff; the ten-year prescription is inapplicable and, therefore, plaintiffs action for damages has prescribed. However, we do not reach this issue, as a more fundamental ground exists for dismissal of plaintiffs suit. The trial court lacked subject matter jurisdiction to hear the case.
The wrongful discharge complained of by the plaintiff arose out of a discharge by the nursing staff in May 1975. A lengthy administrative hearing held in August resulted in a decision on September 9, 1975, affirming the discharge. By petition to the trial court, plaintiff sought to overturn the decision reached in the administrative hearing. The plaintiff also seeks damages as a result of the alleged wrongful discharge.
Plaintiffs suit for wrongful termination in district court is, in effect, a petition for review of the decision of the administrative hearing that Sowela had just cause to dismiss her. The parties stipulated as follows:

“The issue of liability in this suit will be limited to whether or not the plaintiff was wrongfully dismissed from the Sowela Technical Institute in 1975. ”

The addition of a claim for damages does not alter the nature of her request for a review of the administrative hearing.
The Louisiana Administrative Procedure Act (LSA-R.S. 49:964) provides the proper procedure for obtaining judicial review of an administrative adjudication. The relevant portions of the act provide:

“A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial 
*568
review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.

“B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.” (Emphasis added.)
The director of the administrative hearing rendered a decision on September 9, 1975. It is undisputed that plaintiff was notified of the decision against her. Under the provisions of LSA-R.S. 49:964, plaintiff was required to file a petition for review with the trial court within thirty days of notice of the hearing. Plaintiff did not file this suit for review of the administrative hearing and damages until May 7, 1980, almost five years after the administrative decision. This action for a review of the administrative adjudication was untimely filed with the district court.
The judicial review of administrative hearings provided by LSA-R.S. 49:964 is an appeal to the trial court and cannot be tried de novo.
In the case of Buras v. Board of Trustees of Police Pension, 367 So.2d 849 (La. 1979), the court stated that, when a trial court judicially reviews an administrative decision, its actions are as procedurally appellate.[2] The court further stated as follows:
“These provisions defining the nature and scope of judicial review under the Administrative Procedure Act do not authorize a trial de novo in the reviewing court. To the contrary, it is clear that the review ‘shall be confined to the record’ as established before the agency. If the reviewing court were allowed to hear such matters de novo and substitute its judgment for that of the administrative agency, it would be usurping the power delegated by the legislature to the administrative agency. It should also be noted that the Administrative Procedure Act, properly complied with, operates to the advantage of both the parties and the courts. It enables the parties to resolve their disputes in a less cumbersome and expensive manner than normally encountered at a trial in court. At the same time, the courts are relieved of the time-consuming task of hearing the evidence. It further permits the administrative agency to weigh and evaluate the evidence with proper respect being given to its expertise in the matter. Additionally, it promotes the uniform application of the statute under which the agency operates. ” (Emphasis added.)
The timely filing of a request for judicial review or appeal is essential for the reviewing court to have jurisdiction in administrative determinations as in the case of other appeals. Baloney v. DHHR, Office of Family Services, 364 So.2d 203 (La. App. 1st Cir.1978). If such request for review or appeal is not timely filed, the reviewing court may take notice ex proprio motu of its lack of jurisdiction to adjudicate the matter. LaMartiniere v. Fringe *569 Facts, Inc., 412 So.2d 1161 (La.App. 3rd Cir.1982).
The petition in the present case was untimely filed, thus, the trial court lacked subject matter jurisdiction to review the administrative hearing. The trial court judgment must be reversed and the plaintiffs suit dismissed.
For the foregoing reasons, the trial court judgment is reversed and plaintiffs suit is dismissed. Plaintiff-appellee shall pay the costs of the trial court and for this appeal.
REVERSED AND DISMISSED.

. The parties stipulated in the trial court that plaintiff appealed the administrative decision to BESE September 9, 1975, and that, on April 30, 1979, BESE “authorized plaintiff to re-enter a nursing program at a vocational technical school under the jurisdiction of the Board.” The record does not contain any proceedings reflecting action by BESE.

. Article 5 § 16(B) of the Louisiana Constitution of 1974 grants district courts appellate jurisdiction as provided by laws. Also see LSA-R.S. 49:964 for trial court review procedure.