WILLIAMS, Judge.
This is an appeal by the Louisiana State Racing Commission [“Commission”] from a decision by the district court remanding this case to the Commission for further proceedings.
This appeal concerns disciplinary action against plaintiff John W. Lambert, an unlicensed veterinarian. Lambert was indicted by a grand jury for illegal distribution of a controlled substance. He pleaded not guilty. As a result of the indictment alone, the Stewards suspended plaintiff for the balance of the racing season plus 10 days. The Stewards referred the case to the Commission to impose additional punishment. Lambert did not appeal the decision to the Commission, and at the Commission hearing, only the appropriate disciplinary action was considered. No evidence was introduced at the hearing. On the basis of the indictment, the Commission held Lambert ineligible for licensing and denied him access to all race tracks. He was also denied the right to practice medicine on any equine animals falling under the Commission’s jurisdiction.
Plaintiff appealed to the district court, which held that disciplinary action on the basis of the indictment alone was unwarranted, and remanded to the Commission for an evidentiary hearing. The Commission has appealed arguing that plaintiff’s failure to appeal the Stewards’ ruling barred him from contesting the ruling any further.
Lambert failed to appeal the Stewards’ ruling and, therefore, was barred from contesting its correctness at the Commission hearing. La.R.S. 4:154; Romero v. Stephens, 359 So.2d 1061 (La. App. 3d Cir.1978); see also Baloney v. D.H. H.R., Office of Family Services, 364 So.2d 203 (La.App. 1st Cir.1978). Although he could not argue against the Stewards’ ruling, Lambert did have a right to appeal from the Commission’s action, which he timely exercised. The district court could properly consider the disciplinary action imposed by the Commission.
We agree with the trial court’s ruling; an indictment does not provide grounds for such disciplinary action. The decision of the district court to remand this case to the Commission for a full evidentia-ry hearing is affirmed.
AFFIRMED.