HIGHTOWER, Judge.
This is an appeal from the sustention of an exception of prescription and dismissal of a property owner’s action for injunctive relief from the condemnation of a building. Although determining the issue actually to concern jurisdiction rather than prescription, we conclude that the district court correctly dismissed plaintiff George Smith, Jr.’s suit.

Facts and Procedural Background

The record does not contain a transcript of proceedings before the defendant governing body, the Minden City Council. Nevertheless, apparently in August or September 1991, the municipality’s building inspector determined that the condition of certain structures at 102 and 106 Abney Street necessitated condemnation. Thereafter, according to plaintiff’s brief, a letter dated September 26, 1991 instructed him, as owner, to “show cause at the City Council Meeting on October 7, 1991” why the buildings should not be condemned and ordered destroyed. Smith also acknowledges attending that meeting, accompanied by an attorney, but says he departed with an “understanding ... that additional time to make repairs to the building” would be granted. On October 28, 1991, however, per plaintiff’s brief, the mayor issued the order condemning the structure located at 106 Abney.
A notice, dated January 22, 1992, informed Smith that the period given him to accomplish demolition had elapsed, and that the City of Minden would remove the building and clean the area at his expense on February 3.[1] On January 31, 1992, plaintiff filed suit in district court, seeking an injunction to restrain the city from demolishing the structure.
Subsequently, on February 12, the city excepted, maintaining plaintiff’s demands to be barred by the five-day “prescription” of LSA-R.S. 33:4763. After concluding that, under this statutory provision, an appeal from the city council’s action could be taken only within five days after the October 7, 1991 order, the district court sustained the exception of prescription and dismissed the petition for injunctive relief. This appeal ensued.

Discussion

LSA-R.S. 33:4761 et seq., establishes the statutory scheme by which a municipality may, without compensation, condemn a building that is a menace to public safety or health. Essentially, before condemning a structure, the governing authority must notify the owner and accord him a show cause hearing.
LSA-R.S. 33:4763 provides that:
After the hearing, if, in the opinion of the governing authority the facts justify it, an order shall be entered condemning the building and ordering that it be demolished or removed within a certain delay. If repairs will correct the dilapidated, dangerous or unsafe condition, the governing authority may grant the owner the option of making such repairs, but in such a case the general nature or extent of the repairs to be made, the time thereof, and the defects to be corrected, shall be specified in the decision of the governing body.
The decision and order of the governing authority shall be in writing and shall be final unless appealed from *1208 within five days as hereinafter provided. [Emphasis added.]
That appeal, a suit against the municipality, shall be filed by the owner in the district court. LSA-R.S. 33:4764.
Thus, after an alleged improper condemnation by the governing authority, it is incumbent upon the owner of the structure to timely institute an appeal. Indeed, as with other appeals, the timeliness of such an appeal from governmental administrative determinations is jurisdictional in nature, and once the delays have run the decision becomes final. Cf., generally, Robinson v. City of Baton Rouge, 566 So.2d 415 (La.App. 1st Cir.1990); Dept of Cult. & Tour. v. Fontenot, 518 So.2d 1067 (La.App. 1st Cir.1987); Hosp. Corp. of America v. Robinson, 506 So.2d 938 (La.App. 1st Cir.1987); Baloney v. DHHR, Office of Family Services, 364 So.2d 203 (La.App. 1st Cir.1978), each concerning the timeliness of an appeal from an administrative decision to terminate employment.
Even more applicable to the case sub judice, a municipality’s condemnation becomes final and absolute upon expiration of the delay provided by law, and the owner of a condemned building cannot thereafter appeal to the district court. See City of Alexandria v. Wilks, 18 So.2d 341 (La.App.2d Cir.1944), interpreting the ten-day time period for appeals found in Act 175 of 1910, the predecessor legislation to current LSA-R.S. 33:4761 et seq. Indeed, if a petition for judicial scrutiny is not filed timely, a subsequently reviewing court may even notice ex proprio motu that jurisdiction lacked for adjudication of the matter. Cf., generally, Simmons v. Sowela Tech. Inst., 458 So.2d 565 (La.App. 3d Cir.1984), rev’d on other grounds, 462 So.2d 1255 (La.1985); Thomas v. Dept. of Corr., 430 So.2d 1153 (La.App. 1st Cir.1983), writs denied, 438 So.2d 566 and 435 So.2d 432 (La.1983), both concerning appeals from employment decisions.
In the instant matter, our review discloses that the governing authority’s order of condemnation issued, at the latest, on October 28, 1991, and that Smith failed to appeal that decision until January 31, 1992. Five days having clearly elapsed before the January date, the decision to condemn had obviously become final. LSA-R.S. 33:4763; City of Alexandria, supra. Thus, while couching its decision in terms of prescription, the district court correctly declined to review the condemnation and order of demolition.

Conclusion

For the foregoing reasons, and at appellant’s cost, the judgment of the trial court dismissing the appeal of the condemnation decision is affirmed.
AFFIRMED.

. This notice, attached to the petition, states that the condemnation issued on October 7, 1991, while plaintiff indicates in brief that the order transpired on October 28. For reasons expressed herein, however, we do not consider this seeming discrepancy of any consequence.