JUDE G. GRAVOIS, Judge.
 

 12AppeIlant Jan P. Jumonville appeals the trial court’s judgment that denied her petition for a permanent injunction and her amended petition for damages, thereby allowing the demolition of all structures on her lot at 3857 Martinique Avenue in the City of Kenner to proceed. For the following reasons, we affirm the trial court’s judgment.
 

 
 *463
 

 ASSIGNMENTS OF ERROR
 

 On appeal, Mrs. Jumonville assigns the following errors of the trial court:
 

 1. The Trial Court erred in dismissing Plaintiffs Petition for Damages in tort and in dismissing Plaintiffs Supplemental and Amended Petition for Damages when issues were not joined, a trial date had not been set and there had been no trial on the merits.
 

 2. The Trial Court erred in finding the meaning of the word “structure” in Kenner Resolution B-15147, Plaintiffs Exhibit P-21, included Plaintiffs driveway, sidewalks and fence, without considering the entire record.
 

 3. The Trial Court erred in disallowing Plaintiffs Exhibit Proffers P-14, 14-A, 16, 17, 18, 20, 22, 25, 26, which clarify and determine the meaning of the word “structure.”
 

 |s4. The Trial Court erred in disallowing Mr. Jim Wylie to testify as an expert in brick preservation and disallowing his testimony as to whether the antique bricks could be removed without damage.
 

 5.The Trial Court erred in disallowing the testimony of Mr. Placide Jumon-ville regarding his knowledge of A. the superior construction of Plaintiffs driveway, sidewalks and fence, B. the inability to replace Plaintiffs antique bricks, and C. whether Plaintiffs antique bricks could be removed from this driveway and these sidewalks without damage and erred in disallowing Plaintiffs Exhibit Proffer 8, photographs of the driveway, sidewalk and fence construction and subsequent condition.
 

 6. The Trial Court erred in denying Plaintiffs Petition for Permanent Injunction for lack of prima facie proof she would prevail on the merits.
 

 7. The Trial Court erred in casting Plaintiff with all cost of these proceedings and in not casting Kenner with all cost of these proceedings.
 

 The City of Kenner argues that this appeal should be dismissed for lack of jurisdiction because Mrs. Jumonville failed to timely file an appeal of the Kenner Resolution B-15147 that ordered the demolition of the property, as per LSA-R.S. 33:4763.
 

 PROCEDURAL HISTORY
 

 The record before this court does not contain the proceedings before the defendant governing body, the Kenner City Council. According to Mrs. Jumonville’s brief, on December 15, 2005, she and her husband appeared at a hearing before the Kenner City Council on council Resolution B-14987 where they were ordered to show cause why the building (a single family residence) at 3857 Martinique Avenue should not be declared a public nuisance. At that hearing, the home was declared to be a public nuisance and Mrs. Jumonville was given six months to repair the structure to make it habitable. Because apparently the structure was not repaired, on July 20, 2006, following a public hearing held on the Rsame day, the Kenner City Council adopted Resolution B-15147, ordering the demolition of “the premises” located at 3857 Martinique Avenue.
 
 [1]
 

 
 *464
 
 The record suggests that thereafter, proceedings appealing and contesting the demolition resolution were held in another jurisdiction (federal district court in New Orleans), as noted below.
 

 On July 17, 2008, Mrs. Jumonville filed a “Petition for Temporary and Permanent Injunction and Damages” in the 24th Judicial District Court (the instant proceeding), requesting that an injunction issue preventing the City of Kenner from demolishing her brick driveway, brick sidewalk, and gradebeam fence on the Martinique property. She argued, essentially, that the scope of Resolution B-15147 did not include demolition of those structures, only the house.
 

 In her petition filed in the instant proceeding, Mrs. Jumonville represented that on May 23, 2008, she received a letter from the City of Kenner, dated May 22, 2008, stating the City’s intent to demolish the property on June 11, 2008 in accordance with the aforementioned Resolution B-15147. Mrs. Jumonville requested information about the demolition from the City of Kenner. The City of Kenner responded by letter on June 3, 2008, with a list of documents available to Mrs. Jumonville regarding the demolition, which she apparently retrieved since some of those documents are attached to her petition in this case. The home was in fact demolished on June 11, 2008, but not the sidewalks, driveway, or fence, because a question arose as to whether they were included within the scope of Resolution B-15147.
 

 The trial court granted a preliminary injunction on July 30, 2008, maintaining the
 
 status quo
 
 pending resolution of an action Mrs. Jumonville had Ufiled on July 31, 2006 against the City of Kenner in federal district court that was still pending at that time.
 
 [2]
 
 Thereafter, in the instant proceeding, the City of Kenner filed a Motion to Re-Set Hearing on May 8, 2009, noting that the federal suit had concluded.
 
 [3]
 

 Neither the City of Kenner nor Hamp’s Construction, the other defendant, answered Mrs. Jumonville’s petition filed in the instant proceeding, although the City of Kenner made an appearance in the suit by said filing of its Motion to Re-Set Hearing. On June 17, 2009, Mrs. Jumon-ville filed a “First Amending and Supplemental Petition” in the instant proceeding, seeking damages for the demolition of her house and for damage' to the driveway, sidewalks, fence, ornamental plants and shrubbery, and loss of her stacked antique bricks. The amending .and supplemental petition likewise went unanswered.
 

 The trial court conducted a hearing on the merits of the permanent injunction on July 7, 2009, but did not allow any evidence regarding alleged damages arising from the demolition of the house. The trial court issued a judgment on July 13, 2009, finding that Mrs. Jumonville did not show that she would prevail on the merits, thus denying both the petition for temporary and permanent injunction and the supplemental petition for damages. Mrs. Jumonville filed a timely motion for a sus-pensive appeal of the trial court’s July 13, 2009 judgment.
 

 JURISDICTIONAL NOTE
 

 The City of Kenner asks that this appeal be dismissed for lack of jurisdiction, citing
 
 Smith v. City of Minden,
 
 622 So.2d 1206 (La.App. 2 Cir.1993).
 

 |fiWe find that this court has jurisdiction of this appeal. The judgment rendered by the trial court on July 13, 2009 is a judg
 
 *465
 
 ment relating to a preliminary or final injunction. An appeal may be taken as of right from such a judgment, within the proper time delays. LSA-C.C.P. art. 3612.
 

 We find, however, that the
 
 trial court
 
 did not have subject matter jurisdiction to entertain the claims asserted in Mrs. Ju-monville’s petition filed on July 17, 2008 because such petition was not timely filed, as set forth below, and, as such, the trial court’s denial of the petition and supplement petition was correct, but for the following different reasons.
 

 LSA-R.S. 33:4761
 
 et seq.
 
 grant a municipality the power to condemn buildings which are in a dilapidated and dangerous condition that endanger the public welfare. These statutes also provide various procedural protections and substantive restraints before a municipality can condemn a building without compensation. Before condemning the building, the municipality must give the owner sufficient notice and a hearing to satisfy governmental responsibility to accord due process of law. LSA-R.S. 33:4762. After proper notice and hearing, if the governing body finds that the buildings are in a dangerous and dilapidated condition that endangers the public welfare, it may order condemnation or allow the owner the option to correct the dangerous conditions. LSA-R.S. 33:4763. The decision of the governing body may be appealed to the district court for a trial
 
 de novo
 
 within 5 days of the decision. LSA-R.S. 33:4763-4764. When the decision is appealed by the owner to the district court, the burden is on the governing body to sustain its action with sufficient evidence. LSA-R.S. 33:4764.
 

 LSA-R.S. 33:4763 provides that:
 

 A. After the hearing, if, in the opinion of the parish or municipal governing authority the facts justify it, an order shall be entered condemning the building and ordering that it be demolished or 17removed within a certain delay. If repairs will correct the dilapidated, dangerous, or unsafe condition, the parish or municipal governing authority may grant the owner the option of making such repairs, but in such a case the general nature or extent of the repairs to be made, the time thereof, and the defects to be corrected shall be specified in the decision of the governing body.
 

 B. The decision and order of the parish or municipal governing authority shall be in writing and shall be final unless appealed from within five days as hereinafter provided. (Emphasis added.)
 

 That appeal, a suit against the municipality, shall be filed by the owner in the district court. LSA-R.S. 33:4764. Mrs. Jumonville’s petition in this suit was filed on July 17, 2008, almost two years after the date of the City of Kenner’s Resolution B-15147, and was thus untimely.
 

 In
 
 Smith v. City of Minden, supra,
 
 the court confronted a very similar factual scenario. The City Council of Minden conducted a hearing on October 7, 1991 after which Mr. Smith claimed he was left with the impression that he would be allowed to repair his buildings; however, the Council issued a condemnation order in October of 1991 ordering the demolition of Mr. Smith’s building. On January 22, 1992, Smith received a notice that his time delays to accomplish demolition had elapsed and the city would remove the building at his expense on February 3, 1992. On January 31, 1992, Smith filed suit in the district court seeking an injunction to restrain the city from demolishing the structure. The City filed an exception to the petition for injunction, citing LSA-R.S. 33:4763, which was granted and plaintiffs suit was dismissed.
 

 
 *466
 
 In
 
 City of Minden,
 
 the court of appeal noted that:
 

 Thus, after an alleged improper condemnation by the governing authority, it is incumbent upon the owner of the structure to timely institute an appeal. Indeed, as with other appeals, the timeliness of such an appeal from governmental administrative determinations is jurisdictional in nature, and once the delays have run the decision becomes final, (citations omitted)
 

 Even more applicable to the case
 
 sub judice,
 
 a municipality’s condemnation becomes final and absolute upon expiration of the Isdelay provided by law, and the owner of a condemned building cannot thereafter appeal to the district court. See
 
 City of Alexandria v. Wilks,
 
 18 So.2d 341 (La.App. 2d Cir.1944), interpreting the ten-day time period for appeals found in Act 175 of 1910, the predecessor legislation to current LSA-R.S. 33:4761 et seq.
 
 Indeed, if a petition for judicial scrutiny is not filed timely, a subsequently reviewing court may even notice ex proprio motu that jurisdiction lacked for adjudication of the matter.
 
 Emphasis added (citations omitted).
 

 In the instant matter, our review discloses that the governing authority’s order of condemnation issued, at the latest, on October 28, 1991, and that Smith failed to appeal that decision until January 31, 1992. Five days having clearly elapsed before the January date, the decision to condemn had obviously become final. LSA-R.S. 33:4763;
 
 City of Alexandria,
 
 supra. Thus, while couching its decision in terms of prescription, the district court correctly declined to review the condemnation and order of demolition.
 

 Id.
 
 at 1208.
 

 The court in
 
 City of Minden
 
 characterized the petition for injunctive relief in the nature of an appeal of the substance of the demolition order, and found the request for judicial scrutiny of the demolition order untimely.
 

 In her reply brief, Mrs. Jumonville disagreed with the City of Kenner’s position on jurisdiction, arguing that “where a Judgment is ambiguous, the five day rule to appeal can not begin to run.”
 
 [4]
 

 Mrs. Jumonville offers no legal support for her position that aggrieved parties can avoid the running of appellate delays by declaring a judgment ambiguous. Indeed, the statute in question, LSA-R.S. 33:4763, contains no “ambiguity” exception to the running of appellate delays. Mrs. Jumon-ville’s delays in this case clearly run from the
 
 date
 
 of the Resolution, which date was definitive and unambiguous.
 

 Accordingly, for the above reasons, we find that the trial court was correct in denying the petition for injunction and the supplemental petition for damages,
 
 \
 
 3though not for the reasons expressed by the trial court, as set forth above. Appellant’s remaining assignments of error thus become moot.
 

 CONCLUSION
 

 For the reasons stated above, we affirm the trial court’s judgment denying appellant’s petition for a permanent injunction and her amended petition for damages. Costs of this appeal are taxed to appellant.
 

 AFFIRMED.
 

 [1]
 

 . Although Mrs. Jumonville and her husband did not attend the public hearing on July 20, 2006, she proffered that hearing’s transcript at the hearing in the case
 
 sub judice
 
 on July 7, 2009. This record does not contain a transcript of the hearing Mrs. Jumonville did attend before the City Council on December 15, 2005.
 

 [2]
 

 . Civil Action No. 06-4022, United States District Court, Eastern District of Louisiana.
 

 [3]
 

 . The record reflects that the merits of the federal suit had been decided by summary judgment in the defendants' favor.
 

 [4]
 

 . In her reply brief, Mrs. Jumonville appears to assert a nullity action regarding the City of Kenner's Resolution B-15147 under LSA-C.C.P. art. 2004. An action for nullity may not, however, be instituted in or assigned as error in a reply brief. URCA-Rule 2-12.6.