GRANAIO, LLC          *       NO. 2024-CA-0188

VERSUS             *

CITY OF NEW ORLEANS    *       COURT OF APPEAL

                            FOURTH CIRCUIT

                      *       STATE OF LOUISIANA

            * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-11192, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Rachael D. Johnson)


Henry Minor Pipes, III
Stephen L. Miles
Christopher W. Swanson
PIPES MILES BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, LA 70163


       COUNSEL FOR PLAINTIFF/APPELLANT


Shawn Lindsay
DEPUTY CITY ATTORNEY
Donesia D. Turner
City Attorney
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112

       COUNSEL FOR DEFENDANT/APPELLEE


                                  **AFFIRMED**
                          **DECEMBER 30, 2024**

Appellant Granaio, LLC ("Granaio"), appeals the order of demolition for the property located at 3010-3030 Sandra Drive and 2309-2439 Muri Street in New Orleans, Louisiana (the "Property"). The district court found that Granaio did not appeal within the deadlines outlined in La R.S. 33:4763 and La R.S. 33:4764, and thus the court lacked subject matter jurisdiction to rule on the petition. For the following reasons, we affirm the district court's judgment.

### FACTS AND PROCEDURAL HISTORY

On September 7, 2017, Granaio purchased the Property at a sheriff's auction. The Property at issue is a group of eighteen buildings built in the 1960s and used as a low-income housing project in the Algiers community of New Orleans, Louisiana. Twelve of the buildings are five to six-story concrete buildings and six of the buildings are two-story wood buildings. After the Code Enforcement and Hearings Bureau ("Code Enforcement") performed an inspection of the property and found several City Code violations for nuisance and blight, an administrative judgment was issued on August 26, 2019. The administrative judgment assessed fines against Granaio and ordered the demolition of the Property. On September 10, 2019, Granaio appealed the administrative judgment

1

to Orleans Parish Civil District Court. On November 15, 2021, Granaio and the city of New Orleans (the "City") mediated and agreed to the following Consent Agreement:

1. The City will have Jay Dufour, or one of his engineers and/or code enforcement officer, do an inspection of the property with Kyle Associates, LLC.
2. To the extent the City's engineer and Kyle Associates, LLC agree that any building does not need to be demolished, the building will be allowed to remain.
3. To the extent the City's engineer and Kyle Associates, LLC agree that any building needs to be demolished, that building will be demolished at defendants' sole cost.
4. To the extent the City's engineer and Kyle Associates, LLC disagree as to whether or not a specific building should be demolished or repaired, the potential demolition of that building will be sent for a new administrative proceeding, and appeal process, on the proposed demolition of that building.

This Consent Agreement was signed by the district court on January 6, 2022, and the administrative judgment was dismissed with prejudice.

On or about July 25, 2023, the Property was inspected and was cited under City Code 26-242 as an imminent danger to the public. As a result, the Property required abatement through emergency demolition under La. R.S. §33:4761. In particular, buildings 10, 11, 12, 18, and 19 received a notice for emergency demolition. The estimated total cost for demolishing all five buildings was $268,916.00. On September 17, 2023, a fire caused the Property to further deteriorate and Granaio voluntarily demolished building 10.[1] On September 21,

---

[1] On September 27, 2023, Granaio and the City held a meeting to discuss the condition of building 10 after the fire took place. Granaio submitted two engineering reports from Kyle Associates LLC - one dated October 20, 2021 and the other dated September 27, 2023. While the October 20, 2021 report evaluated all buildings on the property, the September 27, 2023 report only evaluated building 10.

2023, the City exercised its emergency authority pursuant to La. R.S. §33:4762(C) and posted a notice of emergency demolition on the Property. In response to the notice of emergency demolition, Granaio filed a Temporary Restraining Order and Injunctive Relief Petition with the district court on September 29, 2023. On January 26, 2024, the district court denied Granaio's petition finding that Granaio failed to timely appeal under La. R.S. §33:4764(A) and therefore the court lacked subject matter jurisdiction.

On January 30, 2024, Granaio filed a motion to reconsider and vacate the district court's January 26, 2024 judgment. The district court denied Granaio's motion to reconsider on February 1, 2024. On February 8, 2024, Granaio filed a suspensive appeal and stay of judgment, which the City opposed on the same day. The district court subsequently denied Granaio's request for suspensive appeal and granted a devolutive appeal on February 9, 2024.

On March 1, 2024, Granaio filed a supervisory writ, requesting a stay of proceedings so that this Court could review the district court's denial of Granaio's motion for suspensive appeal. The motion for stay was granted and the matter was referred to a writ panel to consider the merits of Granaio's writ application. On April 22, 2024, Granaio's writ application was denied. On April 23, 2024, the City filed a motion to lift stay, which was granted on April 26, 2024. In May and June of 2024, the buildings at issue were demolished.

On appeal, Granaio raises the following assignments of error: (1) the district court erred in interpreting that the forty-eight (48) hour appellate provision of La. R.S. §33:4764; (2) the district court, while acting in its appellate review capacity over emergency demolition orders, erred in failing to permit briefing and argument

as to a *sua sponte* peremptory exception for lack of subject matter jurisdiction; and (3) the City has not shown that the Property was an imminent danger that would necessitate refusing Granaio the right to a pre-deprivation hearing on the merits of the demolition order. Our review begins and ends with whether the district court had subject matter jurisdiction. After review of the record, we find that the district court lacked subject matter jurisdiction.

## DISCUSSION

### *Motion to Dismiss*

As a preliminary matter, we must address the City's motion to dismiss filed on September 19, 2024. The City argued that there is no longer a justiciable controversy and the appeal is moot because the buildings that Granaio wanted to preserve have been demolished. Granaio argues whether they have to pay the cost of $268,916.00 for the demolition of buildings 10, 11, 12, 18, and 19 is still a justiciable controversy. When determining whether an appeal is moot, the Louisiana Supreme Court stated the following:

> According to Louisiana jurisprudence, an issue is "moot" when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." A case is "moot" when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect.

*Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-0601, p. 8 (La. 10/20/98), 720 So. 2d 1186, 1193 (internal citations omitted). After review, we find that Granaio's appeal is not moot because a decree in this case can give practical relief.

4

Pursuant to La. R.S. §33:4766(A)(2), the owner is personally liable for the cost of a parish or municipality demolishing "a building or other structure situated upon the immovable or improvements, and all attorney fees incurred by the parish or municipality in connection with such demolition or removal." Granaio argues in its brief that the Property was not an imminent danger and should not have been demolished. Although the Property at issue is already demolished, if this Court finds that demolition was improper, Granaio should not be held liable for the $268,916.00 in demolition costs. Accordingly, the City's motion to dismiss is denied.

**Subject Matter Jurisdiction**

"Whether a court has subject matter jurisdiction is reviewed on appeal under the *de novo* standard of review." *Lassalle v. Napoleon*, 22-0460, p. 4 (La. App. 4 Cir. 12/20/22), 356 So. 3d 74, 77 (citing *Banerjee v. Banerjee*, 17-245, p. 3 (La. App. 3 Cir. 12/13/17), 258 So. 3d 699, 701).

When a governing authority of a municipality or parish seeks to condemn and demolish a building, they must follow the procedural guidelines outlined in La. R.S. §33:4761-65. According to La. R.S. §33:4761, "[t]he governing authority of any parish or municipality may condemn and cause to be demolished or removed any building or structure within the parish or municipality when it is in a dilapidated and dangerous condition which endangers the public welfare." La. R.S. §33:4762 provides guidelines of how to give notice to the owner; stating that the owner shall be provided the written report recommending the demolition or removal of the building and a notice, served at least ten days prior to the hearing, requiring the owner to show cause as to why the property should not be

condemned. La. R.S. §33:4762 also provides an exception in cases of grave public emergency. La. R.S. §33:4762(C) states the following:

> In case of grave public emergency where the condition of the building is such as to cause possible immediate loss or damage to person or property, the parish or municipal governing authority may condemn the building after twenty-four hours notice served upon the owner or his agent or the occupant and attorney at law appointed to represent the absentee owner. Any such notice may be attached to a door or main entrance of the premises or in a conspicuous place on the exterior of the premises and shall have the same effect as delivery to or personal service on the owner, occupant, or attorney at law appointed to represent the absentee owner.

When a property is designated as a grave public emergency, the owner has forty-eight hours from the posting of the notice of demolition to file their petition and prevent demolition of the property. La. R.S. §33:4764.[2] If the owner fails or refuses to comply with the decision of the governing authority and fails to timely appeal within the guidelines provided in La. R.S. §33:4764, then "the mayor or chief executive may proceed with the demolition or removal of the condemned building." La. R.S. §33:4765(B).

---

[2] La. R.S. §33:4764 states the following:
> A. The owner, occupant, agent, or other representative of the owner may appeal from the decision of the parish or municipal governing authority to the district court having jurisdiction over the property. The appeal shall be made by the filing of a suit against the parish or municipality, setting forth the reasons why the decision or order of the governing body is illegal or improper, and the issue shall be tried de novo and by preference in the district court. Where a grave public emergency has been declared by the parish or municipal governing authority, the owner of the building who desires to prevent the demolition or removal thereof must file his petition within forty-eight hours of the posting of the notice of the demolition or removal order on the property and must, at the time of the filing of the petition, furnish such bond as may be fixed by the district judge to cover any damage that might be caused by the condition of the building.
> B. Either party may appeal from the judgment of the district court as in other cases.

Granaio first argues that the district court erroneously interpreted the forty-eight hour appeal provision of La. R.S. §33:4764. Granaio contends that the City was required to provide Granaio with sufficient notice and a hearing to satisfy the procedural protections provided for emergency demolitions. While Granaio acknowledges that this procedural due process can be waived if the property is deemed a grave public emergency, they argue that the Property did not warrant that designation. Granaio argues that the fifty-eight day delay between the July 25, 2023 inspection and the September 21, 2023 emergency order is evidence that buildings 10, 11, 12, 18, and 19 were not in imminent danger of collapsing or a grave public emergency.

Granaio also contends that they were entitled to a pre-deprivation hearing because of the Consent Agreement signed between Granaio and the City on January 6, 2022. The Consent Agreement provides that "if the City's engineer and Kyle Associates, LLC disagree as to whether or not a specific building should be demolished or repaired, the potential demolition of that building will be sent for a new administrative proceeding, and appeal process, on the proposed demolition of that building." Granaio relies on La. C.C. art. 2046, which states that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *See Kozina v. Zeagler*, 94-413, p. 6 (La. App. 5 Cir. 11/29/94), 646 So. 2d 1217, 1221. Granaio contends that the Consent Agreement is clear and outlines how to handle the demolition of buildings on the Property. And, because the Consent Agreement requires an appeal process for the proposed demolition of a building, the district

7

court erred in not granting an appeal. After review of the record, we find Granaio's argument unpersuasive.

First, the Consent Agreement does not entitle Granaio to a pre-deprivation hearing for emergency demolition orders. This Court has held that "[t]here is no statutory law or other authority which gives to any city official or to any city board or department the arbitrary right to waive in favor of any land proprietor the city's right to enforce a compliance with the provisions of the Comprehensive Zoning Ordinance." *City of New Orleans v. Nat'l. Polyfab Corp.*, 420 So. 2d 727, 729 (La. App. 4 Cir. 9/30/82) (citing *City of New Orleans v. Langenstein*, 111 So. 2d 363, 369 (La. App. Orl. 1959)). With no statutory authority allowing the City to waive its right to enforce its demolition authority pursuant to La. R.S. §33:4764, the Consent Agreement is inapplicable insomuch as it requires a pre-deprivation hearing.

Second, the district court correctly interpreted the forty-eight hour appeal provision of La. R.S. §33:4764. In *Smith v. City of Minden*, the municipality determined that Appellant Smith's buildings were in a condition that necessitated demolition. 622 So. 2d 1206, 1207 (La. App. 2 Cir. 1993). On October 28, 1991, the order condemning the structure was issued and Smith did not appeal the decision until January 31, 1992. *Id*. at 1208. Due to La. R.S. §33:4763 requiring an appeal within five days of the order, the district court lacked subject matter jurisdiction and "correctly declined to review the condemnation and order of demolition." *Id*. Louisiana Courts have established that a trial court does not have subject matter jurisdiction to consider claims regarding injunctive relief to prevent demolition if the petition was filed outside the guidelines of La. R.S. §33:4763 and

La. R.S. §33:4764. *See Jumonville v. City of Kenner*, 09-1042, pp. 7-8 (La. App. 5 Cir. 7/27/10), 47 So.3d 462, 465-66. In the case sub judice, the record shows that the City complied with the procedural guidelines of La. R.S. §33:4762(C), La. R.S. §33:4764, and La. R.S. §33:4765(B) when demolishing a building deemed a grave public emergency. The City gave notice of emergency demolition on September 21, 2023 and Granaio filed its petition on September 29, 2023. Similar to *Smith v. City of Minden*, Granaio failed to timely file its petition within the forty-eight hour deadline pursuant to La. R.S. §33:4764. As a result, the City's emergency demolition became final and the district court lacked subject matter jurisdiction to hear an appeal.

Granaio's second and third assignments of error are moot. The second assignment of error presumes that the district court has an appellate review authority over emergency demolition orders regardless of the time delays prescribed by law. However, Granaio's failure to timely appeal the emergency demolition order prevents the district court from acting in this capacity. The district court cannot permit briefing and argument if it does not have appellate review authority. The third assignment of error pertains to the merits of the case and whether the City provided sufficient evidence to show that buildings 10, 11, 12, 18, and 19 required demolition. In finding that the district court lacks subject matter jurisdiction, we cannot reach the merits of whether the City provided sufficient evidence.

**DECREE**

For the foregoing reasons, we affirm the district court's judgment in determining that they lack subject matter jurisdiction to rule on Granaio's petition.

**AFFIRMED**